THE PARKER-WASHINGTON COMPANY, Respondent, v. JULIA A. CECIL, et al, Appellants.

Kansas City Court of Appeals. January 30, 1922.

1. JURISDICTION: Appearance: Defects in Service Cured by General Appearance Made by Filing Answer to Merits. In a suit to enforce the lien of a tax-bill for special street improvements, where copy of petition was not delivered to any of the defendants so far as appears from sheriff's return of service of summons, and the clerk had no authority to issue the writ of summons without an order of court, whatever defects there may have been by reason of these matters were cured by the general appearance made by the defendants when they filed an answer wherein they raised general defenses to the merits.

2. ———: ———: Process: On Overruling Motion to Quash Writ of Summons, the Defects Therein were Waived by Failure of Defendants to Preserve Exceptions Thereto and to Appeal Therefrom.

Where defendants filed a motion to quash the writ and dismiss the case, on the ground that no copy of petition had been delivered to defendants so far as appeared from return of sheriff, and that the clerk had no authority to issue the writ without an order of court, which said motion to quash the court overruled, and defendants preserved no exceptions thereto nor took any appeal therefrom, but thereafter, filed an answer to the merits, such defects were waived and cannot be reviewed on appeal.

3. MUNICIPAL CORPORATIONS: Tax-bill: Lien: Action to Enforce Lien of Special Tax-bill Held not Barred by Laches or Lack of Diligence in Prosecuting Same. Where defendant, owners of property, petitioned the city to have the improvement made and there was nothing objectionable in the way the work was done or the quality or character of the improvement, and defendants obtained the benefit thereof, an action to enforce the lien of a tax-bill therefor, cannot be defeated on the ground plaintiff did not exercise due diligence in prosecuting suit and was guilty of laches in that plaintiff did not have alias summons issued for more than five years after *non est* return on original summons, where petition had been filed and summons issued and placed in hands of sheriff three days before the expiration of limitation period, as defendants after being served with suit delayed moving in the matter and were not prejudiced in any way unless it be in the increased interest they may have to pay, but that could have been prevented.

4. ——: ——: ——: Lien of Tax-bill for Special Street Improvements Enforceable Though Computation and Apportionment of Costs Made by Clerk of Board of Public Works and not by Board Itself. Under article 9, section 18, p. 154, Charter of Kansas City, a tax-bill is "prima-facie" evidence of the validity of the bill, of the doing of the work, of the furnishing of the material charged for and of liability of the land to the charges stated in the bill, and an action to enforce lien of such tax-bill cannot be defeated because the computation and apportionment of costs was made by a clerk of the Board of Public Works and not by the Board, itself, as the issuing of the bill of the Board is, in legal effect, the computation, assignment and levy of the tax, the act of actually computing the amount being merged in the act of the Board in approving the same by signing and issuing the bill.

5. ——: In Absence of Evidence Court cannot Hold as Matter of Law that Suit was not Brought in Good Faith with Intention to Prosecute Same to Judgment. In the absence of any evidence why an action to enforce lien of a tax-bill for special street improvements was not prosecuted more diligently, court cannot say as a matter of law that plaintiff did not bring its suit in good faith intending to prosecute it to judgment.

208 M. A.—32

Appeal from the Circuit Court of Jackson County.—
*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Ball & Ryland* for respondent.

*H. D. Cecil* and *H. H. McCluer* for appellants.

TRIMBLE, P. J.—This is an action to enforce the lien of a tax-bill for special street improvements. Judgment went for plaintiff enforcing the lien and defendants have appealed.

The improvement for which the bill was issued was the paving of the street in front of Lot 89, D. O. Smart's Addition to Kansas City, constituting the residence of defendant Julia A. Cecil at the time the improvement was ordered and made; and it continuously remained her residence ever since.

There is no contention that the contract was not fully complied with, nor that the work was not well done, the pavment being in good condition at the time of the trial (about seven years after it was laid), and bidding fair to remain so for at least ten years longer. Only two attacks are now made upon the bill: First, that plaintiff did not prosecute its case with due diligence. Second, that the Board of Public Works did not apportion the cost or authorize the assessment of the tax and the issuance of the bill.

The tax-bill provided that the amount due thereon should be divided and made payable in four annual installments, the last one of which matured on May 31, 1906. The lien of the bill was to continue for a period of one year after the last installment became due and no longer, unless within that year suit was instituted to collect the bill. Suit was instituted on May 29, 1907, three days before the expiration of the limitation period. We use the phrase "suit was instituted" on that day advisedly, for not only was the petition filed but sum-

mons was issued on that day and placed in the hands of the sheriff, returnable to the next October, 1907, term, but at that time the sheriff made a *non est* return thereon. No further proceedings were had in the cause until January 9, 1913, when an alias summons was issued but it also was returned *non est* by the sheriff.

On October 28, 1913, a second alias summons was issued, and the return of the sheriff thereon, dated October 29, 1913, shows that it was served by delivering a copy of the writ to each of the defendants, White, Trustee, and Seeger, on the last named date, and a copy of the writ to Mrs. Cecil on November 5, 1913. No copy of the petition was delivered to any of the defendants so far as appears from the return, but we attach no importance to this, or to the point that the clerk had no authority to himself issue the writ of January 9, 1913, without an order of court, it being in session at that time, since whatever defects there may have been by reason of these matters were cured by the general appearance which was afterward made by the defendants when they filed an answer wherein they raised *general defenses* to the merits of the case. [Hill v. Barton, 194 Mo. App. 325, 333; Julian v. Kansas City Star, 209 Mo. 35, 95.] Furthermore, on July 28, 1915, nearly two years after service of the writ of October 28, 1913, defendants filed a motion to quash the writ and dismiss the case, based on the above grounds among others, which motion the court heard on September 27, 1915, and same was overruled on November 11, 1915, but defendants preserved no exceptions thereto nor took any appeal therefrom, if an appeal from the order overruling that motion would lie.

On March 11, 1916, defendants filed an answer which contained a general denial and, in addition thereto, set up, as stated, general defenses to the merits of the case and also the same matters contained in the aforesaid motion, namely, the claim that the suit was not brought within the period of the special Statute of Limitation, that the plaintiff did not continually prosecute its suit with diligence but was guilty of laches in not having an

alias summons issued after the *non est* return of October, 1907, until January 9, 1913, and also the claim of the clerk's lack of authority to issue the alias writ of January 9, 1913, that was served, and that no copy of the petition was served with the writ. With respect to this last, however, the answer says the "said alias writ of summons was *duly served* upon defendants." This allegation may have been intended to mean that only the *writ* itself was served, but it would perhaps seem that if it was "*duly* served" as a summons, this would imply that it was accompanied by everything the law requries, unless indeed the charge that no petition accompanied the writ destroys the implication.

Plaintiff contends that as the defendants saved no exceptions and took no appeal from the order overruling the motion to quash and dismiss, all the matters alleged in said motion and re-asserted in the answer are waived and can no longer be considered, and hence are not before us for determination, citing Thompson v. Stearns, 195 S. W. 43, 45; Osage, etc., Co., 200 S. W. 750, 756; Signaigo v. Signaigo, 205 S. W. 23, 28.]

With regard to the alleged defects in the issuance and service of the writs of summons, this rule undoubtedly applies in view of the answer that was filed, containing, as we have said, general defenses to the merits. Whether the rule would apply with reference to the defense of limitation and of laches or lack of diligence in prosecuting the suit, may be a question; but as the same strike at the right to maintain the suit and aim to produce the same effect as a demurrer, it would seem that the rule would apply also to them. However, as the claimed absence of any right to maintain the suit may not be apparent upon the face of the record, it may be that defendants have the right to raise these defenses by answer even though it has unsuccessfully sought to have them upheld by a previous motion, but this would seem to allow the defendants to *twice* go into matters of fact in order to litigate what has already been decided against them upon a hearing as to those facts, and of which ruling they have preserved no right to complain.

Be this as it may, however, the record in this case shows that the defendant owner of the property *petitioned* the city to have the improvement made, and this being the case, in the absence of anything objectionable in the way the work was done or the quality or character of the improvement, is it not incumbent upon her to attend somewhat to the duty of disposing of the matter? In other words, has she not *participated* in the delay that has occurred in prosecution of the suit? She petitioned for the work to be done, saw that it was done, obtained the benefit thereof and even after being served with the suit, herself delayed moving in the matter. Nor does it appear that defendants have been prejudiced in any way, unless it be in the increased interest·they may have to pay, but that could have been prevented.

There is no evidence that the failure to serve the defendants sooner was at the request, or the fault, of the plaintiff. In the absence of express instructions to the contrary, the filing of the petition is the bringing of suit. [McGrath v. St. Louis, etc., R. Co., 128, 1, 9; State ex rel. v. Wilson, 216 Mo. 215.] Not all of the delay has been caused by the plaintiff. Nearly two years after the writ was "duly served" upon defendants, a motion to quash and dismiss was filed, and when that was overruled, a delay of several months occurred and then defendants filed an answer raising the same matters urged in the motion and also certain general defenses to the merits, and it was not until *three years* later, to-wit, December 20, 1919, that a trial was had. On certain of the defenses raised, no evidence was offered and the evidence that was offered on the one litigated was insufficient to overcome the prima-facie effect of the tax-bill, or to sustain the said defense. So far as the evidence shows, the defendants seem to have·been as willing to let the case pend and stand undetermined as was the plaintiff, and to be allowed to successfully object now to the delay would defeat the payment for an improvement petitioned for and of which the defendants have had the benefit, and for which thus far, plaintiff's money has paid, for lo these years.

The contention that the computation and apportionment of costs was made by a Clerk of the Board of Public Works and not by the Board itself is without merit. The tax-bill is "prima-facie evidence of the validity of the bill, of the doing of the work and of the furnishing of the material charged for, and of the *liability of the land to the charges stated in the bill*." [City Charter, 1898, art. 9, sec. 18, p. 154.] The issuing of the bill by the Board is, in legal effect, the computation, assessment and levy of the tax, the act of actually computing the amount being merged in the act of the Board in approving the same by signing and issuing the bill. [Heman Construction Co. v. Loevy, 179 Mo. 455, 466.] This is too slender a technicality (which in no manner affects the substantial rights of the parties), to justify a denial of plaintiff's right to recover for an improvement its money had created. [Jaicks v. Merrill, 201 Mo. 91, 109-110; Sedalia ex rel. v. Smith, 206 Mo. 346, 368.] The record however, in our view, contains ample evidence which necessarily implies that the Board itself did what the charter requires it to do.] City Charter, 1898, art. 9, sec. 17, p. 151.]

We are of the opinion that there is nothing to justify our disturbing the judgment. In the absence of any evidence why the case was not prosecuted more diligently, we cannot say as a matter of law that the plaintiff did not bring its suit in good faith intending to prosecute it to judgment. So far as we know it may have been out of a disposition to be lenient with defendants, especially since they participated in the delay after they were notified. There was no secret lien however, as notice of the suit was filed with the city treasurer as the Charter provides. [City Charter, 1898, art. 8, sec. 24, p. 338.]

The judgment is affirmed. All concur.