CITY OF PORT HURON v. ANSON E. CHADWICK.

*Conditions to opening street—Obstructions—Costs.*

1. One who has opened a street which the public authorities have accepted and improved, has no right, after much time has gone by and

rights have grown up, to shut it up again on the ground that the authorities have not performed an oral condition which was made with them at the time of opening the street; but he may have a remedy at law for breach of condition.

2. Costs were denied upon the affirmance of a decree on the merits where appellant showed that he had received injury which excused though it did not justify his own action.

Appeal from St. Clair. (Stevens, J.) Oct. 26.—Dec. 21.

INJUNCTION of nuisance. Defendant appeals. Affirmed.

City Attorney *S. W. Vance* for complainant. A city's acts in grading, improving and draining a road as a public street and the use of it as such by the public for seven years would clearly be an acceptance of a dedication thereof: *People v. Beaubien* 2 Doug. (Mich.) 256; *People v. Jones* 6 Mich. 182–3; *Tillman v. People* 12 Mich. 401; *Lee v. Lake* 14 Mich. 12; *Detroit v. Detroit & Milwaukee Ry. Co.* 23 Mich. 209; *White v. Smith* 37 Mich. 296; *McMillan v. McCormick* 38 Mich. 693; any talk one may have with individual members of the council or officials of a city cannot bind the city unless authority was given them by the Common Council or the matter brought to its attention and their act ratified: Dillon Mun. Corp. §§ 419-449, n.; Sackett on Instructions to Jurors 338–345; *Bouton v. Supervisors* 84 Ill. 384; *Dart v. Hercules* 57 Ill. 446; after standing by for seven years with full knowledge that a city is expending money on a street and improving it, and that it is being traveled and recognized as a public highway, it is too late to recall its dedication. *Hathaway v. New Baltimore* 48 Mich. 251.

*William M. Cline* for defendant. In *Long v. Battle Creek* 39 Mich. 323, the principle was settled that a verbal agreement between private citizens and a municipality, for improvements for the joint benefit, and at the joint expense and contribution might be enforced; if offered dedication is not accepted in a reasonable time it may be revoked and the donor resume possession of the land. *Field v. Village of Manchester* 32 Mich. 279; *Baker v. Johnston* 21 Mich. 319 and 345; *Lee v. Lake* 14 Mich. 12–18.

COOLEY, J. The purpose of this suit is to enjoin a public nuisance. The bill was taken as confessed by the defendant Vanderburgh. Chadwick defended, and upon a hearing upon pleadings and proofs the circuit court awarded the injunction as prayed.

The nuisance consists in obstructing Tenth street in the city of Port Huron by building fences across it. Chadwick denies that any street exists at the point where he has erected fences. The facts seem to be that Tenth street at this point was never laid out as a public street by the authorities, but in the year 1874 Chadwick and other landowners opened it as a street to the public, and possession of it was immediately taken by the city authorities and the street graded. It remained open and was traveled and used by the public until 1882 when defendants built fences across it with a view to closing it up. The city threw down the fences and then filed this bill.

So far the parties do not differ essentially in respect to the facts; but Chadwick claims that when he opened the street to the public in 1874 he did so upon a condition, orally expressed by him to the city authorities and by them assented to, that the city should lay a drain along Tenth street to Military street, sufficient to take the water off the street and off his abutting land. This condition, he alleges, has never been complied with; and the result has been that the grading of the street has thrown water upon him, to his serious detriment, instead of taking it off. The showing of injury appears to be very conclusive.

On the other hand it is shown by the evidence of the person who was president of the city board of works when the street was opened, that he did at that time, after consultation with Chadwick, all that he understood him to ask for or desire; and this evidence has considerable corroboration. It also appears that Chadwick, though he has sometimes found fault with the failure to properly drain the street, has never made any formal complaint before the common council, or in any manner distinctly brought the failure of the city to comply with the understanding had

with him, to the attention of those who would be empowered to give redress.

Under these circumstances the closing up of the street by Chadwick can hardly be justified. The understanding between him and the city authorities was in no proper sense a condition; there was no writing about it, and the utmost that can be said is that the public faith was pledged to the making of the drain. But the street was given in reliance upon the pledge; and as the legal remedies would be ample in case the pledge was not observed, we must suppose that they were relied upon. At least we cannot import into the negotiations of the parties an unexpressed condition that at any time in the future, when it should be found that the oral understanding of the parties was not kept, the gift might be recalled. This would leave a very important public easement on which the city had expended considerable money in improvements, to rest upon the uncertain and contradictory recollections of witnesses. And no such easement could be recalled without a likelihood of seriously affecting the interests of individuals who had bought, built or made other arrangements in reliance upon it.

The talk which is relied upon took place in 1874, and the street has ever since remained open. Whatever failure there was on the part of the city was known the following season, and if it was intended to insist upon any forfeiture because of it, Chadwick should have moved promptly. The delay has been unreasonable if any such purpose existed. It has become an old transaction, and uncertainty has been cast over it, as is plain to be seen on reading the evidence. But the understanding itself was of a sort that might be very often set up in case of dedications to the public, for it is very seldom that all the expectations of the donor in respect to his gift are made good by the public authority. Public policy requires that things of such a permanent character as the streets of a city should not be held by so frail a tenure in any case as the defendant would have us find that this was. If he meant to avoid his gift he should have moved more promptly.

But though we affirm the decree on the merits, it is a very proper case for exercising our discretion to deny costs. The city has not protected the defendants against the flooding of their lands from the grading of the streets, as it was its business to do irrespective of any agreement to that effect, and there was undoubtedly very much to excuse the action of the defendants, though not to justify it. Order will be entered accordingly,—but it will be without prejudice to any remedy at law which Chadwick may have for the injuries he complains of.

The other Justices concurred.