G. H. CHURCH v. CLARA K. DULA ET AL.

(Filed 29 May, 1908.)

**Cities and Towns—Streets—Dedication—Revocation—Description—Evidence—Nonsuit.**

C. was the owner of two certain town lots abutting on A. Street, numbers 37 and 38; from whom plaintiff claims under *mesne* conveyances. A. Street had been laid off and designated on a map of the town, but had never been used for street purposes. C., prior to conveying the lots, obtained a quitclaim deed from the town to A. Street under legislative authority, which subsequently came by *mesne* conveyances to defendants. In making the deed to the two lots under which plaintiff claims, the following calls were given: to "a stake, the old S. West corner of lot 37, on the edge of old A. Street; thence with the line of lot 37," etc.: *Held,* (1) that the deed of A. Street to C. from the town was valid and effective, and, though there was evidence of a prior dedication of that street, the deed from the town amounted to a revocation by mutual consent; (2) that the calls in the deed under which plaintiff claims were meant for description only; (3) that the motion for judgment as of nonsuit upon the evidence should have been granted. (*Southport v. Stanly,* 125 N. C., cited and distinguished.)

ACTION to recover damages for maintenance of a public nuisance, causing special damages to plaintiff, tried before *Ward, J.,* and a jury, at November Term, 1907, of CALDWELL.

Issues were submitted as follows:

1. "Is the plaintiff the owner of the lands described as lots Nos. 37 and 38, mentioned in the complaint?"    Answer: "Yes."

2. "Does lot No. 37 abut on Ashe Street?"    Answer: "Yes."

3. "Has the plaintiff the right to have said street opened?" Answer: "Yes."

4. "Have the defendants the right to place said house in the street called Ashe Street, in front of lot No. 37?"    Answer: "No."

At the close of the testimony his Honor charged the jury, if they believed the evidence, they would answer the first three issues "Yes" and the fourth "No."

Verdict and judgment for plaintiff, and defendants excepted and appealed.

*Mark Squires* and *Lawrence Wakefield* for plaintiff.
*W. C. Newland* and *M. N. Harshaw* for defendants.

HOKE, J., after stating the facts: The evidence tended to show that, in 1841, under and pursuant to an act of the Legislature, certain lands, including that now in controversy, were conveyed to Edmond Jones, Chairman of the County Court, for the purpose of laying out a town, to be called Lenoir, where the public buildings of the county of Caldwell should be erected and the public offices of the county should be kept; that the sites for public buildings having been selected, the lands were laid off into streets and lots, and a map thereof made and filed in the office of the Register of Deeds of Caldwell County, where it has since remained.    From said map it appears that one of these streets was laid off and designated as Ashe Street, and that two lots, known as lots Nos. 37 and 38, appear on said map as abutting on said street; that these lots, with others, were sold by commissioners to purchasers, and Nos. 37 and 38 were purchased by

James Harper and conveyed to him and his heirs, and passed by *mesne* conveyances to one S. M. Clark on 3 February, 1874; and on 20 November, 1875, said Clark conveyed a portion of these lots to one J. C. Blair, and in this deed the part so conveyed was described as running to a point on Ashe Street, thence with the line of lot No. 37 and Ashe Street N. 61 E. 10 poles and 13 links to the beginning; and the land so sold and conveyed by Clark has passed by *mesne* conveyances to plaintiff, plaintiff's deed bearing date 30 December, 1901.

There was further evidence to show that, while these lots appear in the plat as abutting on Ashe Street and in the deeds the boundaries call for said street, as a matter of fact this was in name only, and neither at this point nor beyond, nor at any place, so far as this record discloses, had it ever been used as a street of the town or by any inhabitant owning or occupying property abutting thereon. It further appeared that, while said Clark owned these two lots, Nos. 37 and 38, and before conveying any portion of same to J. C. Blair, he had bought and taken a quitclaim deed from the town of Lenoir for this land, appearing on the map as Ashe Street, and that this said deed had been made by authority of an act of the Legislature, as recited and referred to in the deed (chapter 124, Laws 1869-'70, and chapter 58, Private Laws 1873-'74). This last-mentioned act gave express authority to the Commissioners of Lenoir to sell "all the land laid off as streets in the map of said town which is not now used as streets," etc.; that subsequently Clark sold and conveyed the land covering the old Ashe Street to C. V. Henkle, and same passed by *mesne* conveyances to A. A. Dula, the deed to Dula bearing date 9 November, 1900; that prior to the commencement of this action said Dula died intestate, and defendants are his widow and heirs at law, the last-mentioned defendants being minors; that the house occupied by defend-

ants under the deed to A. A. Dula is on the land formerly known as Ashe Street.

Upon this statement, which contains the material facts as we are enabled to gather them from the record, we are of opinion that the motion to dismiss the action as on judgment of nonsuit should have been allowed by the court. It is true that in the well-considered case of *Moose v. Carson,* 104 N. C., 431, this Court has held that, where a "municipal corporation conveys land bounded by established streets and alleys, and the grantee enters upon and improves it, a subsequent conveyance by the corporation of the land covered by such street or alley, whereby the easement of the appurtenant owner is interfered with, is void," citing *Sarpy v. Municipality,* 62 Amer. Dec., 221; 9 Lou. Ann., p. 597; *Port Hudson v. Chadwick,* 52 Mich., 320; *Harrington v. Augusta Factory,* 73 Ga., 447. But the facts presented here, as we apprehend them, do not bring plaintiff's demand within the principle of that decision.

Not only had there been no improvement made with reference to the alleged street, but the evidence is to the effect that Ashe Street had never been used as a public way; and not only so, but, pursuant to an act of the Legislature conferring special authority on the town of Lenoir to sell all streets which had not been in use by the town, the street in question had been sold and conveyed to S. M. Clark, the common grantor from whence both the titles of plaintiff and defendants were derived. The case states that, in September, 1874, while Clark held the title of lots Nos. 37 and 38, he bought and took a deed for Ashe Street from the commissioners of the town, and it does not appear that at that time any other citizen or abutting owner had any right or special interest in the use of this street. The commissioners of the town, having succeeded to the authority and title of the old County Courts, so far as the public streets of the town were concerned, and acting under an act of the Legislature conferring special au-

thority for the purpose, had a right to convey the street, and S. M. Clark, as owner of lots Nos. 37 and 38, had a right to buy it. And if it should be conceded that there had been a dedication of Ashe Street—and there was certainly testimony tending to establish such dedication—this sale and convey-ance to Clark amounted to a revocation by mutual consent, and the land, which may have formerly been a public way, thereby became private property; and we do not think the description given in the deed by which Clark sold and con-veyed to J. C. Blair the portion of the land now owned by plaintiff has or was intended to have the effect of a rededica-tion. Clark then held the street as his private property, and this fact and the attendant circumstances were all known or could have been easily ascertained, and the call in Blair's deed to "a stake, the old S. West corner of lot 37, on the edge of old Ashe Street, thence with the line of lot 37 and Ashe Street N. 61 E. 10 poles and 13 links," was only meant for description. The term "old Ashe Street" gives addi-tional indication that there was no intent to rededicate. The street had become and was then the private property of Clark, and, having passed, as stated, by *mesne* conveyances to de-fendants, their occupation of the land formerly covered by the street is rightful, and no action against them on the ground suggested can be sustained.

This view is not affected in any way by the case of *South-port v. Stanly,* 125 N. C., 464, to which we were referred by plaintiff's counsel. That decision was to the effect that the general power conferred on the authorities of a town to sell and dispose of town property by section 3824 of The Code of 1883 (Revisal, sec. 2978) does not give the right to sell prop-erty held in trust for the public; for any such purpose there must be an act of the Legislature conferring special power. As we have seen, the commissioners of the town had this special power conferred upon them by Private Acts 1873-'74,.

ch. 58, *supra,* and there is nothing appearing in the record to destroy or impair the title conveyed by their deed.

There is error, and this will be certified, to the end that the action be dismissed.

Reversed.