J. N. ANDERSON v. TOWN OF ALBEMARLE.

(Filed 16 November, 1921.)

1. **Instructions— Verdict Directing— Arguments—Jury—Courts—Appeal and Error.**

   A direction of the verdict upon the evidence renders immaterial an exception that the appellant had been deprived of the right to the last speech to the jury.

2. **Cities and Towns—Municipal Corporations—Street Improvements— Assessments—Prima Facie Case—Instructions.**

   The assessment roll is *prima facie* evidence of the correctness of an assessment made in accordance with the provisions of statute by the governing board of a municipality as to the amount the owners of land upon an improved street shall pay for the special benefits they have received, and when there is no evidence to the contrary, it is not error for the court to direct a verdict upon this evidence.

3. **Cities and Towns—Municipal Corporations—Street Improvements— Benefits—Government.**

   The question as to whether the owner of land abutting upon a street to be improved will be benefited thereby may be determined by the governing board of the municipality, under the provisions of our statute adopting the front foot rule as the method of assessment. The various methods of such assessments commented upon by CLARK, C. J.

4. **Same—Pavements—Physical Contact of Improvements—Assessments.**

   The paving of the full width of a city street may be postponed until such time as the governing body of a municipality may adjudge that the traffic conditions thereon require it; and an objection by the owner of land abutting on the street to an assessment by the front foot rule for special benefit, upon the ground that his property does not come in actual contact with the part of the street for which the city has paid as a general benefit, is untenable under our statutes, ch. 56, secs. 5, 13, Laws 1915.

APPEAL by plaintiff from *Bryson, J.,* at September (Special) Term, 1921, of STANLY.

The commissioners of Albemarle, under authority of ch. 56, Laws 1915, assessed against the plaintiff for improvements on the street in front of his lot on North Street the sum of $207.05. He filed exceptions and appealed. In the Superior Court the court instructed the jury if they believed the evidence to answer the issue $207.05, with interest, and the plaintiff appealed to this Court.

*Raper & Raper and R. L. Brown for plaintiff.*
*R. L. Smith & Son and Manly, Hendren & Womble for defendant.*

CLARK, C. J. The plaintiff excepted and assigned as error that the court refused to require the defendant to open the case, and thereby required him to take the burden of proof. Since at the close of all the

evidence the court directed the verdict, it could make little difference upon whom the burden of proof was placed. The assessment had been made by the commissioners under ch. 56, Laws 1915, and it had been reviewed and approved by them on exceptions filed by the plaintiff. The assessment roll is *prima facie* evidence of a valid assessment, and of the regularity and correctness of all prior proceedings. McQuillin Mun. Corp., sec. 2117, which he says is based upon the general maxim that public officers are presumed to have acted rightly until it is otherwise made to appear. In the absence of any showing to the contrary, assessments are presumed valid, and he who attacks their validity has the burden of establishing by competent evidence the contrary. *Justice v. Asheville,* 161 N. C., 62.

The second exception is to the refusal of the court to allow the plaintiff to testify that the work done on the street did not in any manner benefit his property, or enhance its value. It is not open to the property owner to say that the improvement is not a benefit to the property. Doubtless, if the owner's opinion on this point were to govern there would be few streets or sidewalks improved in their entire length. The question of benefit is one of fact, and the governing board of a municipality, under legislative authority, is vested with the power to determine what lands will be benefited by the improvements, and their determination is conclusive upon the owner of the ground charged with the costs of the improvements except in rare cases. *Felmet v. Canton,* 177 N. C., 52; *Justice v. Asheville,* 161 N. C., 62; *Tarboro v. Staton,* 156 N. C., 504.

There are several methods of apportioning the costs of improvements, but there are two which are generally recognized, *i. e.,* apportionment according to benefits and apportionment according to frontage, but the liability of the land to assessment is determined by the municipality under the authority of the Legislature. The assessment to each owner when the apportionment is according to benefit is subject to review by appeal.

This matter is fully discussed, 25 R. C. L., at p. 138, and the general principles applicable on the question of assessment of benefit is discussed, 25 R. C. L., p. 160. The general principles of apportionment, when made, as in this case, according to frontage, are set forth 25 R. C. L., 144 *et seq.* The plaintiff excepted to the action of the court in directing the jury to answer the issue in favor of the town upon these grounds:

1. The petition does not sufficiently describe the local improvement to be undertaken. An examination of the record shows, in our judgment an entirely sufficient description of the improvements to be undertaken.

2. The second objection is that the order of the board prescribed that the street should be "improved by covering the same with sheet asphalt," whereas, only 30 feet in the middle was paved, leaving a space of 22½

feet between the plaintiff's property and the paved portion of the street, and the principal point of this appeal lies in the contention that the plaintiff's lot does not "abut on the improvement."

If there were force in this objection, then the town could not impose any part of the improvement of a street upon the adjacent landowners unless the street was paved to its entire width. In the good judgment of the board of the town of Albemarle this was not required, at the present time, by the needs of traffic in that town, and to have done this would have more than doubled the assessment upon the plaintiff's property, of which he already complains.

Section 13 of the statute authorizes the assessment to be made against "the property abutting upon said street or streets," and in another place says "abutting on the improvement." We take it that the intention of the statute which authorizes the apportionment of the charge mentioned in the statute and assessed by the board, according to frontage, is that the lots abutting on the street which is improved shall be assessed, and not that the town shall be required to improve the entire width of the street.

Section 5 of the act requires that the petition shall be signed by a majority of the owners of the lots "abutting upon the street or streets or part of a street proposed to be improved," and section 6 says that the proportion of the costs is to be assessed "upon abutting property." Section 8 provides that one-half of the total cost "of a street or sidewalk improved . . . shall be specially assessed upon the lots and parcels of land abutting directly on the improvements according to their respective frontage thereon"; and section 13, as above stated, refers to the assessment being against "the property abutting upon said street or streets."

We think it clear that all these mean the same thing, and that the words "abutting on the improvement" means abutting on the street that is improved, and that this does not require that the pavement shall extend the entire width of the street when this would be an unnecessary cost, and would greatly enhance the burden of which the plaintiff in this case complains. By the term "abutting property" is meant that between which and the improvement there is no intervening land. *Millan v. Chariton,* 145 Iowa, 648.

Land need not necessarily abut directly on the part of the street that has been improved to subject it to liability for its share of the cost of improvement. Indeed, premises separated from a street by a small stream, but having access to the street by means of bridges, are premises abutting on the street though the owner of the premises is not the owner of the bed of the stream, and he is liable to assessment provided he has

the right of ingress and egress over the intervening land to the improvement. 25 R. C. L., p. 112, and cases cited under notes 8, 9, 10, and 11.

If the plaintiff's contention that the property sought to be assessed must "abut" upon the improvements by coming in actual contact with the improvement could be maintained, then the common practice of paving the middle of a sidewalk, leaving a strip of unimproved sidewalk between the property line and the paved portion, and leaving another strip between the curb and the paved portion, must be abandoned since the property which abuts the sidewalk could not be assessed because it does not abut the improved part of the sidewalk.

The common-sense, practical meaning of the legislation is that lots abutting the street that is improved, either with respect to the roadway or the sidewalk, are benefited thereby and should be assessed for a proper proportion of the cost, over and above that portion of the cost paid by the city by reason of the general benefit. It cannot be said that the street or sidewalk is not improved because it is not paved the entire width.

In this case the street in front of the plaintiff's property is 75 feet in width, and the traffic over it at this time did not, in the judgment of those to whom the law has committed the making of the improvement, require the paving of the entire width of the street. In the course of time, the town of Albemarle will assuredly increase in population and wealth, so that the traffic will require the street to be paved the entire width, and then the plaintiff, or his successor in title, will be charged with the additional costs which he is now complaining that he is spared by the action of the authorities.

No error.