C. O. GALLIMORE ET AL. v. THE TOWN OF THOMASVILLE.

(Filed 28 April, 1926.)

**1. Municipal Corporations—Assessments—Front Foot Rule — Presumptions.**

The correctness of the assessment of property along a street improved by a municipality, will be conclusively presumed when it appears that each property owner was assessed an amount according to the lineal foot rule, unless it appears to the court as a matter of law, from the facts on the face of the record that the assessment was erroneously made by the municipal authorities. C. S., 2707, 2710.

**2. Same—Certificate of Clerk—Courts—Reassessments—Procedure.**

Where it appears that the city clerk and city manager checked up the number of owners of land upon a street improved, and certified to the municipal authorities that a majority, according to the front foot rule, had signed the petition, and accordingly the improvement upon the street had been made and expense incurred, objection by one of the land owners that a sufficient number of petitioners had not signed, cannot be held by the courts, the proper proceedings being by objection made to the city authorities and a reassessment of the property affected. C. S., 2707.

**3. Same—Sewerage.**

Where a city has assessed the property owners on a street improved under the lineal foot rule, objection, if valid, to the difference in the assessment for sewer connection according to the expense therefor to the different lots, should be taken to the assessment so made, and request to the municipal authorities for a reassessment, and not by independent action to the courts to declare the assessments so made as invalid on that ground.

**4. Constitutional Law—Statutes—Validating Statutes — Municipal Corporations—Assessments.**

The Legislature has authority to ratify an assessment made by a municipality on the owners for street improvements, C. S., 2707, 2710, and such is not a violation of the constitutional inhibition as to the passage of local laws, etc. Art. II, sec. 29.

APPEAL by plaintiffs from judgment of *Schenck, J.,* at September Term, 1925, of DAVIDSON. No error.

Appeal from assessments made by the town of Thomasville upon lands owned by plaintiffs and abutting on Fisher Ferry Street in said town. These assessments were made pursuant to petition filed with said town for the purpose of defraying the expense of local improvements on said street. C. S., 2707.

Plaintiffs allege that said assessments are invalid (1) for that the petition for said improvements was not signed by a majority in number of the owners of lots fronting on the street proposed to be improved; (2) for that the clerk of said town did not make an investigation to determine the sufficiency of the signers of said petition and certify the result of such investigation to the governing body of the town; (3) for that the amounts assessed upon said lots are not uniform, in that they were not assessed according to the extent of their respective frontage, by an equal rate per foot of such frontage; and (4) for that the amount assessed against each lot exceeds the value of the lot, and the collection of said amount will result in confiscation of the lot so assessed. Defendant contends that said assessments were made in substantial compliance with statutory provisions authorizing them, and that said assessments have been validated by act of the General Assembly.

From judgment upon the verdict as rendered by the jury, sustaining the validity of the assessments, plaintiffs appealed to the Supreme Court.

*Raper & Raper, Walser & Walser, and Z. I. Walser for plaintiffs.*
*H. R. Kyser for defendant.*

CONNOR, J. At a meeting of the city council of the town of Thomasville, held 3 September, 1923, a petition was presented, requesting that all of Fisher Ferry Street in said town from the end of the present pavement, extending southward 1,500 feet, be improved by paving said street with asphalt covering upon a concrete base, or with other hard surface. Said petition purported on its face to be signed by a majority in number of the owners of property abutting on that portion of Fisher Ferry Street, which it was proposed should be improved, representing a majority of the lineal feet of frontage of all the lands abutting on same. The city clerk testified that she and the city manager checked up the owners of lands fronting on said street, and also the number of lineal

feet of the respective lots, and presented said petition to the city council for its consideration. The city council accepted said petition and ordered that said street be improved as requested therein.

The statute, C. S., 2707, provides that the determination of the governing board upon the sufficiency of the petition for local improvements shall be final and conclusive. In *Tarboro v. Forbes,* 185 N. C., 59, this Court held that where it appears upon the face of the petition, as a matter of law, that the signers of the petition do not represent a majority of the lineal feet of the total frontage on the street, proposed to be improved, the determination of the governing body as to the sufficiency of the petition is not final or conclusive. In that case, the petition was held insufficient to support assessments, because it appeared upon the face thereof and from the order of the board of town commissioners, that the lineal feet of the frontage of the "Town Common" had been excluded in determining the total of the frontage on the street, proposed to be improved. It was held that said frontage should have been included, as a matter of law, and that inasmuch as the total number of signers did not represent a majority of the lineal feet of frontage, including the frontage of the "Town Common," the petition was not sufficient. In this case, the city council found that at the time the petition was considered by them, there were 25 persons who owned lands abutting on Fisher Ferry Street, and that thirteen of these had signed the petition. On the trial evidence was offered tending to show that there were twenty-six persons who owned lands fronting on said street, at time petition for the improvements was considered. Of these twenty-six persons, one was the wife of one of the landowners who had been counted as the owner of two lots. He had been counted as the owner of both lots, whereas in fact, as the evidence tended to show, he was the owner of one, and his wife was the owner of the other lot. As to whether the number of persons owning lands fronting on said street was twenty-five or twenty-six involves only a question of fact; insofar as the sufficiency of the petition, authorized to be filed under C. S., 2707, involves only questions of fact, the determination of the governing body, in the absence of fraud, and when acting in good faith, is final and conclusive. The purpose of the statutory provision is manifestly to prevent attacks upon the validity of proceedings for public improvements, after the improvements have been made, and when the governing body of the municipality is called upon to provide for their payment by assessments upon the lands benefited by the improvement, or otherwise, as authorized by statute. The fact that there were twenty-six, and not twenty-five, persons who owned the lands fronting on the street proposed to be improved, was not called to the attention of the city council until after the improvements had been made, and the expense for the same had been incurred. The sufficiency of the petition could not then be called into

question for that a majority of the landowners had not signed same. That fact had been conclusively determined by the city council, acting in good faith, before the improvements had been ordered. *Anderson v. Albemarle,* 182 N. C., 434. No question of law is presented by plaintiffs in their attack upon the sufficiency of the petition. *Tarboro v. Forbes, supra,* is, therefore, not applicable. The determination of the city council that the petition was sufficient, under the statute, was final and conclusive.

There was evidence that the petition was presented to the clerk of the town of Thomasville; that she checked up the lineal feet of the lots abutting on the street, owned by the petitioners, and that the city manager checked up the owners of all the lots abutting on said street; that she then submitted the petition to the city council for its consideration. There was no evidence that the city clerk certified, in writing, the result of her investigation. Although it may be conceded that the statute contemplates that the city clerk shall certify in writing the result of the investigation which the statute requires him to make, when the petition is filed with him, the failure to do so is a mere irregularity which may be waived by the governing body, as it appears was done in this case. It cannot be held that the validity of assessments for improvements thereafter made, will be determined by whether or not the clerk certified the result of his investigation in writing at the time the petition was submitted to the governing body for its consideration. There is a presumption in favor of the regularity of a proceeding under which public improvements, authorized by the General Assembly, have been made. An attack upon the validity of such proceeding, for mere irregularities, first made after the improvements have been completed, by those who seek, by such attack, to have their property, which has received the benefit of such improvements, relieved of assessments made for the purpose of paying for the improvements, will not be sustained, when it appears that notices required by statute have been given and ample opportunity afforded for all interested persons to be heard before the improvements were ordered and made.

There was evidence that the assessments on all the lots fronting on the improved street were made in accordance with the front-foot rule, as provided by statute, C. S., 2710. It was necessary to provide for the drainage of certain of these lots. The cost of constructing the drain upon each lot was added to the assessment upon said lot for the improvement of the street. This cost was not uniform, because of the difference in the location and slope of the several lots. The principle upon which the cost of the drain constructed upon each lot was included in the amount assessed against said lot, is recognized in the statute, C. S., 2710(4), as just and proper. If it should be held that there was error in adding the cost of constructing drains on certain of the lots, to the

assessment upon said lots, for the street improvement, the only relief to which such of the plaintiffs as owned said lots would be entitled, would be a reassessment of the cost of the drains upon all the lots abutting on the improved street. C. S., 2715. The validity of the proceeding under which the assessments were made would not be affected by such holding; nor would it be necessary to reassess the expense of the improvements on the street, said expense having been assessed in compliance with the statute.

It is not open to plaintiffs to attack the validity of the assessments upon their respective lots, upon the ground that their lots were not benefited by the improvement made upon the street, on which said lots abutted. The question of benefit is one of fact to be determined by the governing body of the municipality, in the exercise of legislative authority expressly conferred upon such body. *Anderson v. Albemarle,* 182 N. C., 434; *Felmet v. Canton,* 177 N. C., 52; *Justice v. Asheville,* 161 N. C., 62; *Tarboro v. Staton,* 156 N. C., 504. If assessments are made for public improvements, under express legislative authority and in substantial compliance with the provisions of the statute authorizing them, an owner of land upon which as assessment is levied, except in rare cases, will not be heard to say that such assessment exceeds the value of his land, and that its collection will result in a confiscation of his property. In *Kinston v. Wooten,* 150 N. C., 296, this Court, in the opinion written by *Hoke, J.,* says "that while the right of the court to interfere for the protection of the individual owner of property is recognized, its exercise can only be justified and upheld in rare and extreme cases, when it is manifest that otherwise palpable injustice will be done and the owner's rights clearly violated. This limitation arises of necessity in this scheme of taxation, for in its practical application it would well nigh arrest all imposition of these burdens if each individual owner of property were allowed to interfere and to stay the action of officials on any other principle."

Between the date on which plaintiffs appealed from the assessments made on their lands, and the trial of this appeal in the Superior Court, chapter 217, Private Laws 1925, was enacted by the General Assembly. This act provides "that any and all acts heretofore done and steps taken by the city of Thomasville in the paving of the streets of the city of Thomasville and the assessments levied therefor are hereby in all respects approved and validated." Defendant was permitted by the court to amend its answer to the protest of plaintiffs, and to plead this act in support of the validity of the assessments.

Conceding that there were defects and irregularities in the proceedings under which the assessments were levied, sufficient to render said assessments invalid, as contended by plaintiffs, it must be held, under the authority of *Holton v. Mocksville,* 189 N. C., 144, that said assessments are

now valid, by virtue of said act, provided the act itself is valid. Plaintiff's contentions that said act is invalid, because the General Assembly was prohibited by the Constitution of the State from passing it, cannot be sustained. It is not in violation of section 29, Art. II, of the Constitution; it does not authorize the laying out, opening, altering, maintaining or constructing of highways, streets or alleys. *Holton v. Mocksville, supra; Reed v. Eng. Co.,* 188 N. C., 39; *S. v. Kelly,* 186 N. C., 365; *Brown v. Com.,* 173 N. C., 598; Allen's Reported and Cited Cases, 1926. The act was duly ratified as required by the Constitution; this Court conclusively presumes from such ratification that the notice required by section 12 of Art. II, was given. *Power Co. v. Power Co.,* 175 N. C., 668. It does not impose any tax upon the people of the State, or allow any county, city or town to do so; it is not therefore dependent for its validity upon its passage in compliance with section 14 of Article II. It is a remedial or curative statute, by which the General Assembly, in order to remove doubts, and settle controversies as to the validity of acts and proceedings which it has authorized, declares that such acts and proceedings are approved, and validated. The power of the General Assembly to enact such statutes has been repeatedly and uniformly upheld. *Holton v. Mocksville,* 189 N. C., 144; *Brown v. Hillsboro,* 185 N. C., 375. The principle that when there are defects and irregularities in a proceeding duly authorized by the General Assembly, due to an inadvertent violation or nonobservance of statutory provisions, for the conduct of such proceedings, the General Assembly may correct the defects and cure the irregularities, and thus validate the proceeding, by proper legislative action, provided no vested rights have supervened, has been very generally recognized. *Kinston v. Trust Co.,* 169 N. C., 207; *Reid v. R. R.,* 162 N. C., 355.

Plaintiff's assignments of error are not sustained. The judgment is affirmed. There is

No error.