The cause was submitted upon an agreed statement of facts. These facts are substantially as follows: Prior to 1885 there was a road or street in the municipality of Lenoir known as West Main Street. The tracks of the defendant railway in August, 1917, and prior thereto were in said street and had been laid therein and used by the defendant for more than twenty years. In August, 1917, the town of Lenoir acquired a strip of land by condemnation from various citizens on the north side of West Main Street upon an agreement with the railway company that the company would, at its own expense, move its tracks from the present location then in use to the new area so acquired by condemnation in order that the city might pave that part of the street theretofore occupied by the tracks of the railroad. The minutes of the meeting of the board of town commissioners, held on 20 August, 1917, show that upon motion duly adopted it was ordered "that the mayor appoint a jury for the purpose of condemning sufficient land on the north side of West and Harper Avenue for the purpose of widening said street according to survey." After the paving was finished the town levied an assessment against the defendant as an abutting owner for the sum of $1,521.30 upon a front footage of 627.1 feet. Of this front footage the defendant owned in fee 294.1 feet, and the amount of assessment, based upon such frontage is not in dispute. However, $854.08 of said assessment was levied upon a footage of 333 feet, which was assessed against the defendant as an abutting owner because of the location of its tracks. It further appears that the resolution adopted by the governing board, with respect to the improvement of said street, contained no requirement that the defendant should improve the land occupied by its tracks as specified by C. S., 2708, subsection 3. It further appears that the assessment was levied under Article 9, Chapter 56, Consolidated Statutes. *Page 711 
Upon the agreed statement of facts the trial judge entered judgment decreeing that the plaintiff is not entitled to recover from the defendant the said sum of $854.08 assessed against the defendant for the footage of 333 feet.
From the judgment rendered the plaintiff appealed.
It appears from the record in this cause that the defendant maintained its tracks in a public street known as West or West Main Street in the town of Lenoir. Prior to 20 August, 1917, the town of Lenoir was desirous of making permanent improvements to said street and as an incident thereto induced the defendant to move its tracks to the north of the then location thereof in said street. On 20 August, 1917, the board of town commissioners of said town of Lenoir passed a resolution directing "that the mayor appoint a jury for the purpose of condemning sufficient land on the north side of West and Harper Avenue for the purpose of widening said street according to survey." The condemnation was perfected and an additional strip of land acquired. Thereupon the defendant at its own expense shifted its tracks from the location then occupied to the north and upon this condemned area. The purpose of the condemnation, as set out in the resolution was for widening the street. As we interpret the record and plats the additional strip condemned resulted merely in widening the street and the incorporation of the condemned area as a part of the street as widened. So that when the defendant shifted its tracks it simply moved its tracks from one location in the street to another location in the same street in order that the part of the street formerly occupied by its tracks before removal could be paved. Thereupon the plaintiff town paved that part of the street formerly occupied by the tracks of defendant. When the paving was completed it assessed against the defendant as abutting owner the cost of 333 feet of paving, amounting to $854.08.
So far as the record discloses the defendant neither owns nor has an easement in any land outside of the street in which its tracks are laid. The sole question, therefore, is whether or not the defendant is an abutting owner by virtue of the fact that its tracks are laid in a public street. In Anderson v. Albemarle, 182 N.C. 434, this Court held that the words "Abutting on the improvement" mean "abutting on the street that is improved," and further, "by the term abutting property is meant that between which and the improvement there is no intervening land." Obviously this language means that abutting property cannot exist in *Page 712 
the street itself but, in the nature of things, must be property outside of the street itself, touching or bordering upon the street or improvement. The case of South Park Comrs. v. Chicago, Burlington and Quincy R. R. Co.,107 Ill. 105, is directly in point. In that case the assessment roll described the property of the defendant as "the right of way of occupancy, franchises, property and interests of Chicago, Burlington and Quincy Railroad Company, in Michigan Avenue, in the city of Chicago," etc. Upon an assessment made upon this easement upon the theory that this property "was contiguous property abutting upon such avenue" the Court said: "And as a street cannot, in the nature of things, abut on itself, and as mere intangible rights or privileges, for the same reason, are incapable of abutting on anything, it is clear the assessment was unauthorized." See, also, Okla. R. R. Co. v. Severns Paving Co., 170 P. 216, 10 A.L.R., 157, in which many authorities are assembled.
The resolution authorizing the assessment contained no requirement that the defendant should improve the land occupied by its tracks as specified by C. S., 2708, subsec. 3. Holding, as we do, that the defendant was not an abutting owner upon the facts found by the trial court, the ruling of the trial judge was correct, and the judgment is affirmed.
The plaintiff excepted because the trial judge did not allow attorney's fees in accordance with chapter 42, Private Laws of 1925. This act permits the judge to allow a reasonable attorney fee for collecting a valid assessment. The act is not mandatory and the power to allow such fee is lodged in the discretion of the court.
Affirmed.