S. P. McCLESTER AND PATTERSON MANUFACTURING COMPANY v. THE TOWN OF CHINA GROVE.

(Filed 28 November, 1928.)

**Municipal Corporations—Public Improvements—Assessments Therefor.**

> Where in accordance with the provisions of C. S., 2710(1), the board of aldermen grant a petition for street improvements requesting the assessment of a larger proportion of the cost of the improvements against the lots of land abutting directly thereon than is otherwise required by statute, after the confirmation of the assessment roll a subsequent board of aldermen is without power to grant a petition of the abutting landowners for a reduction of the assessment upon the ground alone that the amount of the assessments exceeded that they had originally anticipated, and a suit by other taxpayers of the town to enjoin the granting of such petition is proper.  C. S., 2715, and 3 C. S., 2806(f), have no application.

APPEAL by plaintiffs from *Webb, J.*, at Chambers, Salisbury, 7 May, 1928.  From ROWAN.

Civil action to restrain the defendant from refunding or rebating to abutting property owners part of an assessment duly and regularly made for street improvements.

On 30 June, 1925, a majority of the owners of property abutting on Main Street in the town of China Grove, who represented also a majority of the lineal feet of frontage of the lands abutting on said street, duly filed a petition with the board of aldermen of said town, requesting that Main Street be improved, and stipulating "that in the event said board of aldermen shall put in said pavement as above stated, then we, the undersigned, agree to pay for the same according to our respective frontage abutting on said street." Whereupon, on 4 August, 1925, the board of aldermen, after observing the preliminary requirements of the statutes, duly passed a resolution creating a local improvement district along Main Street in said town and ordered "that one hundred per centum of the costs of said improvements (less street intersections) be assessed upon the abutting property owners as provided in Article 9, chapter 56, of the Consolidated Statutes and acts amendatory thereof."

The assessments were properly made; no exceptions or objections were filed thereto; and no appeal was taken from the order confirming the assessment roll.

Thereafter, on 10 February, 1928, about forty of the owners of property abutting on Main Street who had not paid their assessments in full, petitioned the new board of aldermen of said town for a reduction or rebate of 25 per cent of the original assessments, for the reason that the total cost of the improvements was more than they had originally anticipated. This request was granted; whereupon, plaintiffs, property owners and taxpayers in the town of China Grove, bring this action to prohibit the carrying out of such reduction or rebate.

A temporary restraining order was entered in the cause, but dissolved upon the return thereof, from which ruling the plaintiffs appeal, assigning error.

*W. H. Beckerdite and Hayden Clement for plaintiffs.*
*R. Lee Wright for Town of China Grove.*
*W. H. Woodson for abutting property owners.*

STACY, C. J., after stating the case: The regularity of the proceeding whereby the local assessment district on Main Street in the town of China Grove was created is not attacked; in fact it is conceded.

The question for decision is whether the new board of aldermen, under the circumstances disclosed by the record, had the authority or power to grant a reduction or rebate of 25 per cent of the original assessments. We think not.

It is provided by C. S., 2710(1), that one-half of the total cost of a street or sidewalk improvement made by a municipality, exclusive of so much of the cost as is incurred at street intersections and the share of railroads or street railways, shall be specifically assessed upon the lots and parcels of land abutting directly on the improvements, according to the extent of their respective frontage thereon, by an equal rate per foot of such frontage, unless, as in the instant case, the petition for such street or sidewalk improvement shall request that a larger proportion of such cost, specified in the petition, be assessed against the lots and parcels of land abutting directly on the improvement, in which case such larger proportion shall be so assessed, and the remainder of such cost, if any, shall be borne by the municipality at large. Here, the total amount of cost, required of the municipality, was assessed against the lots and parcels of land abutting directly on said improvement, in response to the request of the petition and in accordance with the provisions of the statute, hence we think the new board of aldermen was without authority to grant a reduction or rebate of 25 per cent of the original assessments, long after the confirmation of the assessment roll, there being no suggestion of any irregularity in the proceedings. *Gallimore v. Thomasville,* 191 N. C., 648, 132 S. E., 657.

True, it is provided by C. S., 2715 and 3 C. S., 2806(f) that the governing body of a municipality may correct, cancel or remit any assessment made for local improvement, including interest or penalties thereon, and shall have the power, when in its judgment there is any irregularity, omission, error or lack of jurisdiction in any of the proceedings relating thereto, to set aside the whole of the local assessment, make a reassessment, etc., but these statutes, we apprehend, have no application to a fact situation similar to the one now under consideration. *Gallimore v. Thomasville, supra.*

There was error in dissolving the injunction and dismissing the action. Error.