CITY OF WINSTON-SALEM v. THENIA SMITH (WIDOW), AND FORSYTH COUNTY (ORIGINAL PARTIES DEFENDANT); AND EDWARD HILL (DEVISEE OF THENIA SMITH, DECEASED) AND HIS WIFE, GENEVA HILL (ADDITIONAL PARTIES DEFENDANT).

(Filed 16 June, 1939.)

1. **Municipal Corporations § 30—Where municipality owns fee in land between the street and the property assessed, assessment is void.**

   The agreed statement of facts disclosed that plaintiff municipality purchased the fee in a lot for street purposes and used a portion of the lot for a street ·and sidewalk, leaving a strip of the lot lying unused between the sidewalk and the defendants' lot. *Held:* Defendants' lot does not abut upon the improvements and an assessment against the lot therefor is void, C. S., 2703-2728, nor did the city's acquisition of its lot for street purposes amount to a dedication of the entire lot therefor, since a city has authority to purchase land for streets, C. S., 2791, and to sell off any surplus land so acquired, C. S., 2688, nor may the assessment be sustained on the ground that defendants' had the right of ingress and egress over the intervening lands to the improvements in view of the agreed facts that the city owned the fee simple title thereto.

2. **Municipal Corporations § 33—**

   Where a municipality levies assessments for public improvements without statutory jurisdiction therefor, the owner of the land against which the levy is made may resist the enforcement of the assessments at any time, and is not precluded therefrom by his failure to follow the statutory remedy for making objection thereto.

1—216

APPEAL by plaintiff from *Sink, J.,* at December Term, 1938, of FORSYTH.

Civil action to recover for street and sidewalk paving assessment on alleged abutting property of defendant Edward Hill, devisee of Thenia Smith, who died pending the action.

The case was heard below upon an agreed statement of facts. The parties agree that "the sole question to be determined is whether Lot No. 10 now belonging to the defendant is subject to this assessment made by the city of Winston-Salem for the construction and improvement of Cleveland Avenue and the construction of the sidewalk on Cleveland Avenue." With respect thereto, the agreed facts are substantially these:

In April, 1922, the city of Winston-Salem, contemplating the construction of a thoroughfare to be known as Cleveland Avenue, of more than a mile in length and crossing 12th Street, as a part of right of way, acquired title in fee simple to Lot No. 9, lying south of and fronting fifty feet on 12th Street and extending in depth one hundred feet between parallel lines as shown on plat of Maple Park. The conveyance is by warranty deed containing full covenants of seizin and against encumbrances, but containing no expression of restriction or reservation.

In August, 1922, Thenia J. Smith acquired Lot No. 10, which lies east of and contiguous to said Lot No. 9.

In April, 1925, the board of aldermen of the city of Winston-Salem, acting under authority vested in it by ch. 56, Public Laws 1915, and general statutes pertinent thereto, and by charter of the city, and amendment thereto, Public Laws 1921, Extra Session, ch. 37, sec. 2, passed a resolution authorizing and directing the improvement by grading and paving of that part of Cleveland Avenue between 26th Street and Belews Street, the actual cost of which, exclusive of that incurred at street intersection and of that to be borne by railroad and street railways, "shall be charged against the owner or owners of the abutting property, that is, one-half to the owner or owners of each side of said street." Notice of this resolution and of the time and place of a meeting of the board of aldermen when and where she might "be heard in respect to all matters relating to the proposed improvement and the manner and mode of doing the work" was duly served upon Thenia J. Smith.

The city constructed the Avenue on only a portion of said Lot No. 9. Subsequently, notice of the fact that the street had been paved and of the time and place of a meeting of the board of aldermen called for the purpose of hearing objections in respect to special assessments for the construction and improvement of Cleveland Avenue was published as required.

Thenia J. Smith did not appear at either of the meetings or object in any way to the street assessments levied against her real estate,

Lot No. 10, and the assessment was duly confirmed by resolution of the board of aldermen.

In June, 1925, the city caused to be served upon Thenia J. Smith notice of a resolution of its board of aldermen authorizing the construction of concrete sidewalks of the width of five feet, on each side of Cleveland Avenue from 7th Street to 26th Street, and directing the "owners of property abutting on the improvements . . . to make such improvements along their respective frontages according to certain plans and specifications, and to complete the same in a reasonable time, and in any event on or before July 7, 1925," and with notice that "if said improvement is not completed on or before the date named this board will cause such improvements to be made . . . and cause the cost thereof to be assessed against said owners . . ."

The sidewalk was constructed by the city. Subsequently, notice was served on Thenia J. Smith, by publication as required by law, of the date and place fixed for a meeting of the board of aldermen for the hearing of objection with respect to the assessment for the sidewalk. She did not appear or object in any way to the assessment, and same was duly confirmed by the board of aldermen, nor did she appeal from the assessment for either the construction and improvement of Cleveland Avenue or the construction of the sidewalk thereon.

It is further agreed that: "In the construction of the street, and in laying the sidewalk alongside thereof, only a portion of Lot No. 9, acquired by the city for the purpose, was utilized . . . The eastern portion thereof, having a frontage of five feet on 12th Street, a depth of one hundred feet along the east side of the sidewalk, and a width of seven and one-half feet on the south end of the lot, was not utilized in any way by the city for street purposes, and the fee simple title thereof is still vested in the city . . . unless the acquisition of the whole lot for street purposes and the construction of Cleveland Avenue and a sidewalk on a part thereof amounts to a dedication of the whole lot by the city for street purposes. No use whatsoever of the remaining portion of said lot has been made by the city or by the defendants, since the construction of the street and the sidewalk. The surface of such remaining portion is from three to seven feet above the level of the sidewalk and avenue that were constructed over the other part of the lot."

Thenia J. Smith and the defendant Edward Hill, her successor in title to Lot No. 10, prior to the construction of Cleveland Avenue, put up and have since maintained a wire fence along the western line of Lot No. 10, which is the eastern line of the said unused portion of

Lot No. 9. The dwelling house on Lot No. 10 fronts on 12th Street, and access to the house and to the lot is and always has been from 12th Street and the sidewalk alongside thereof.

Payment of no part of the street and sidewalk assessments has been made by the defendants.

Upon such findings of fact, the court below concludes and adjudges that Lot No. 10 does not abut upon Cleveland Avenue or the sidewalk alongside, and that, therefore, the assessments against said lot are null and void and uncollectible, and dismisses the action as of nonsuit.

Plaintiff appeals to the Supreme Court and assigns error.

*Ratcliff, Hudson & Ferrell and Ransom S. Averitt for plaintiff, appellant.*
*Ingle, Rucker & Ingle for defendant, appellee.*

WINBORNE, J. Upon the agreed facts presented in the record on this appeal these two questions arise in determining whether the assessment sued upon is valid: (1) Is the property of defendant an abutting property on Cleveland Avenue within the meaning of the statute, C. S., 2703-2728; Public Laws 1915, ch. 56?

(2) By failing to appear in response to notices required by the statutes with respect to proposed street and sidewalk improvements, and by failing to appeal from assessments therefor, is defendant now estopped to challenge the assessment?

On the factual situation shown, each question is answered in the negative.

(1) An assessment for street improvements "is a creature of the statute and its validity must flow from the statute which authorizes it." *R. R. v. Ahoskie,* 192 N. C., 258, 134 S. E., 653. By the statute imposing the assessment the Legislature has the power to determine what property is benefited by the improvement and "when it does its determination is conclusive upon the owners and the courts." *Gunter v. Sanford,* 186 N. C., 452, 120 S. E., 41; *Charlotte v. Brown,* 165 N. C., 435, 81 S. E., 611.

In the act in question the Legislature provides that the assessment for street or sidewalk improvements "shall be specifically assessed upon the lots and parcels of land abutting directly on the improvements, according to their respective frontage thereon . . .," C. S., 2710 (1); and with respect to sidewalks the assessment shall be "against the lots and parcels of land abutting on that side of the street upon which the improvement is made and directly on the improvement, according to their respective frontage thereon." C. S., 2710 (3).

In the case of *Lenoir v. R. R.,* 194 N. C., 710, 140 S. E., 618, speaking to this phase of the statute, and referring to *Anderson v. Albemarle,* 182 N. C., 434, 109 S. E., 262, *Brogden, J.,* states that this Court there held that: "The words 'abutting on improvement' mean 'abutting on the street that is improved,' and, further, 'by the term abutting property is meant that between which and the improvement there is no intervening land.'"

In the case in hand, the west line of defendant's property, Lot No. 10, is the east line of Lot No. 9. The answer, therefore, to the first question depends upon the extent to which the city has dedicated Lot No. 9 for street purposes. The agreed statement of facts shows that "in the construction of the street and in laying the sidewalk alongside thereof, only a portion of Lot No. 9, acquired by the city for the purpose, was utilized," and that a strip of land between defendant's property and the sidewalk on the east side of Cleveland Avenue was not used in any way by the city for street purposes, and the fee simple title thereto is still vested in the city. In the light of these facts and in the absence of a finding that the street lines as fixed by the city include the strip, it is apparent that there is intervening land between defendant's property and the improvement. Hence, defendant's property does not abut on Cleveland Avenue.

Nor do we think that the acquisition of the whole lot for street purposes and the construction of a street and a sidewalk on a part thereof amounts to a dedication of the whole lot by the city for street purposes. In this connection it is pertinent to note that the city has the authority to buy land for streets. C. S., 2791; Public Laws 1917, ch. 136, subchapter 4, sec. 1, Public Laws 1919, ch. 262, as well as authority to sell any surplus of such land so acquired. C. S., 2688. *Southport v. Stanly,* 125 N. C., 464, 34 S. E., 64; *Church v. Dula,* 148 N. C., 262, 61 S. E., 639.

Therefore, the fact that the city purchased a lot in fee simple and constructed a street thereon, without more, does not show that the entire lot is dedicated as a street.

Plaintiff contends that defendant's property is subject to the assessment for that defendant has the right in ingress and egress over the intervening land to the improvement, but in the light of the agreed fact that the fee simple title thereto is in the city and there being no evidence of a dedication to public purposes, we do not think the position tenable.

(2) Where the assessing board acts within the jurisdiction conferred by the act of the Legislature, *and not in violation of it,* ordinarily the rule requires the lot owner to assert any objection he had to the method of procedure in assessing his property. But where the board acts in violation of it, the assessment is void and jurisdictional, and can be

taken advantage of at any time when the assessment is sought to be enforced. *Charlotte v. Brown, supra.* In that case this pertinent headnote from *Bennett v. City of Emmetsburg* (Ia.), 115 N. W., 582, appears: "Lot owners would not waive jurisdictional defects in proceedings for assessing special assessments for failure to appear and object to the assessment, or failure to appeal from the order of the council adopting the assessment resolution."

The judgment below is

Affirmed.