TOWN OF ASHEBORO v. JOHN MILLER.

(Filed 5 November, 1941.)

**1. Appeal and Error § 40a—**

A finding of fact which is in reality a mere conclusion based on another finding of fact, which in turn is not supported by the evidence, cannot be sustained.

**2. Process § 12—**

Summons in question *held* not an *alias* summons. *Mintz v. Frink,* 217 N. C., 101.

**3. Appearance § 2b—**

Where a defendant appears and files answer he waives all defects and irregularities in service of summons. C. S., 490.

**4. Process § 12—**

If there has been a discontinuance of the action by failure to duly issue *alias* summons, defendant must take advantage thereof by motion to abate before he files answer.

**5. Municipal Corporations § 34—**

Allegations in this action to enforce a lien for public improvements *held* to constitute the action one to foreclose the original lien under C. S., 7990, notwithstanding that a purported *alias* summons was issued 91 days after the institution of the action, C. S., 480, as permitted in an action instituted under C. S., 8037, since the nature of an action is determined by the alle-

gations of the complaint and not by the time the purported *alias* summons was issued.

**6. Same—**

In an action by a municipality to enforce a lien for public improvements, objection by defendant that plaintiff failed to introduce in evidence the petition for improvements signed by the owners of a majority of the lineal feet frontage abutting the improvements is untenable when the original resolution of the city introduced in evidence recites a proper petition and that it was duly certified by the clerk, C. S., 2707, since if such finding was erroneous, the remedy for correction was by appeal. C. S., 2714.

**7. Municipal Corporations § 31—** .

A petition for public improvements, although a prerequisite, is not jurisdictional.

**8. Municipal Corporations § 33—**

Proceedings for the levy of assessments for public improvements are presumed regular and the assessment roll is *prima facie* evidence of the validity of the assessments and the regularity of the proceedings, and the burden is upon the party attacking the assessments to prove irregularity.

**9. Municipal Corporations § 31—**

It appeared that notice of hearing on the confirmation of the assessment roll was not published, but that on the date set for the hearing the municipal board met and adopted the required resolution in amplified form, fixed the time and place for hearing of objections, and that notice of the hearing on the second date set was duly published, that the hearing was duly had on that date, necessary corrections made, and the assessment roll as corrected duly approved and confirmed. *Held:* The fact that notice of hearing on the first date set was not published was rendered immaterial, C. S., 2712, 2713.

**10. Municipal Corporations § 34—**

In an action to enforce a lien for public improvements, a defendant who had notice and ample opportunity to be heard and to appeal from the order confirming the assessment roll, cannot impeach the validity of the ordinance or of the assessment for any alleged irregularities which are not jurisdictional.

APPEAL by plaintiff from *Clement, J.,* at March Term, 1941, of RANDOLPH. Reversed.

Civil action to foreclose street assessment lien.

The parties waived trial by jury and agreed that the court should hear the evidence, find the facts, and render judgment thereon.

The court, after hearing the evidence, found the facts as fully set out in the judgment rendered. Upon the facts found it adjudged "that the plaintiff take nothing by its action and that the same be dismissed," etc. The plaintiff excepted and appealed.

*L. T. Hammond for plaintiff, appellant.*
*Don A. Walser for defendant, appellee.*

BARNHILL, J.  The defendant makes the contention (1) that this is a proceeding under C. S., 8037, and that it is barred for the reason that it was not instituted within 18 months after the sale and issuance of tax sale certificate; and (2) that there are fatal defects in the original proceedings under which the assessment was made.

The court below in part found:

"5. That the Clerk of the Superior Court of Randolph County having issued an *alias* summons 91 days after the institution of the action, contrary to the provisions of C. S., 480, unless said *alias* summons was issued in cases of tax suits brought under the provisions of C. S., 8037, the plaintiff, by the issuance of said summons brought itself under C. S., 8037.

"6. That this is an action brought to foreclose a certificate of a tax sale for the year 1925, and sold on June 2, 1930, under C. S., 8037, and amendments."

Finding number 6 is, in fact, a conclusion based on finding number 5. It cannot be sustained.  The summons to which reference is made is not an *alias.*  *Mintz v. Frink,* 217 N. C., 101, 6 S. E. (2d), 804.  The service thereof brought the defendant into court.  When he appeared and answered he thereby waived all prior defects and irregularities. C. S., 490.  *Rector v. Logging Co.,* 179 N. C., 59, 101 S. E., 502, and cases cited; *Wooten v. Cunningham,* 171 N. C., 123, 88 S. E., 1; *Mills .v. Hansel,* 168 N. C., 651, 85 S. E., 17; *Ashford v. Davis,* 185 N. C., 89, 116 S. E., 62; *Burton v. Smith,* 191 N. C., 599, 132 S. E., 605; *Mc-Collum v. Stack,* 188 N. C., 462, 124 S. E., 864; *Reel v. Boyd,* 195 N. C., 273, 141 S. E., 891; *Abbitt v. Gregory,* 195 N. C., 203, 141 S. E., 587.

If the original action as instituted by the summons theretofore issued (which does not appear of record) was subject to abatement for failure to issue an *alias* in apt time, motion to abate should have been made before answer.

The nature of the action is to be determined by the allegations of the complaint and not by the time the summons, purporting to be an *alias,* was issued.

There is no allegation of the issuance of a certificate of sale and no demand for the enforcement thereof.  Nor is there any evidence tending to show that any such certificate was ever issued.  It simply appears that the sovereign which held the lien sold as provided by statute.  There were no bidders and it was compelled to bid in the property.  Having failed to obtain the money due by the short cut method of sale it proceeded to foreclose the original lien under C. S., 7990.  The language of the complaint permits no other conclusion.  We so decided on a substantially identical complaint in *Asheboro v. Morris,* 212 N. C., 331, 193 S. E., 424.

Neither the evidence offered nor the facts found sustain the contention that the proceedings culminating in the assessment were in any respect fatally defective.

No petition of property owners was offered in evidence (finding number 9). It does not appear, however, that none was filed. On the contrary, the original resolution adopted by the town board recites the petition, that it was certified by the clerk, C. S., 2707, and that it was signed by a majority of property owners representing a majority of all the lineal feet frontage abutting on that part of the streets to be improved.

While the petition is a prerequisite it is not jurisdictional. If the finding by the board was erroneous it should have been corrected by appeal. C. S., 2714. *Schank v. Asheville,* 154 N. C., 40, 69 S. E., 681. Furthermore, there is a presumption in favor of the regularity of a proceeding under which public improvements, authorized by the General Assembly, have been made. *Gallimore v. Thomasville,* 191 N. C., 648, 132 S. E., 657, and the assessment roll is *prima facie* evidence of a valid assessment and of the regularity and correctness of all prior proceedings. *Anderson v. Albemarle,* 182 N. C., 434, 109 S. E., 262; McQuillen, Mun. Corp., sec. 2117. In the absence of any showing to the contrary assessments are presumed valid and he who attacks their validity has the burden of establishing the contrary. *Justice v. Asheville,* 161 N. C., 62, 76 S. E., 822; *Anderson v. Albemarle, supra.*

But the defendant insists that it is made to appear that although the board, on 23 July, 1925, adopted a resolution fixing the time for property owners to appear and be heard on the confirmation of the assessment roll, C. S., 2712, no notice of such hearing was ever published.

While it is so found, there are other facts appearing of record which render this defect immaterial. The day fixed in the resolution for the hearing was 13 August, 1925. The board again met on 13 August, 1925, adopted the required resolution in amplified form, C. S., 2712, fixed the time and place for hearing "allegations and objections" and ordered notice thereof to be published. It then adjourned until 31 August, 1925, at 8 p.m., the time fixed for the hearing. C. S., 2713. Notice was duly published and the hearing was had, at which hearing persons interested were heard, necessary corrections were made, and the assessment roll, as corrected, was approved and confirmed. C. S., 2713. Due entry upon the minutes was made.

This assessment was made in 1925. The defendant, after due notice and after being given ample opportunity to be heard and to appeal from any adverse ruling, C. S., 2714, failed to avail himself of the opportunity thus afforded. He has had his day in court. He cannot now be heard to impeach the validity of the ordinance or of the assessment for alleged

irregularities in the proceeding which, if admitted, are not jurisdictional. *Murphy v. Greensboro,* 190 N. C., 268, 129 S. E., 614.

The evidence offered and the facts found entitle plaintiff to the relief demanded. It follows, therefore, that the judgment below must be

Reversed.