J. FURMAN BROADWAY, ANNIE B. BROADWAY, BOYD L. CHEEK, GERALDINE CHEEK, LEON BRAMMER AND CLAUDIA B. BRAMMER v. THE TOWN OF ASHEBORO.

(Filed 29 April, 1959.)

**1. Municipal Corporations § 33—**

In an action to have paving assessments levied against plaintiffs' property declared invalid, a complaint alleging that only one of the signatures of abutting property owners to the petition for improvements was valid, without alleging that the assessment was based on the petition, what other signatures appeared on the petition or facts supporting the conclusion that the other signatures were invalid, is insufficient to state a cause of action, and demurrer to the complaint was properly sustained. G.S. 160-78, et seq.

**2. Pleadings § 3a—**

Where a complaint merely alleges conclusions and not the facts supporting the asserted conclusions, it fails to state a cause of action and is demurrable. G.S. 1-127(6).

**3. Municipal Corporations § 33—**

Assessments for public improvements are presumed valid.

APPEAL by plaintiffs from *Johnston, J.,* November 1958 Term of RANDOLPH.

*Ottway Burton and Don Davis for plaintiff, appellants.*
*Archie L. Smith for defendant, appellee.*

RODMAN, J. Plaintiffs appeal from an order sustaining a demurrer *ore tenus* for that the complaint fails to state a cause of action. Plaintiffs pray that street paving assessments levied against their properties be declared invalid. As the basis for the relief sought they allege: the City Clerk of Asheboro, on 13 October 1953, delivered to one Lamphere a blank petition asking for the paving of East Presnell Street from North Elm Street to Vance Street, a copy of which petition, marked Exhibit A, is annexed to the complaint; the frontage on Presnell Street between Elm and Vance is 3196.82 feet and is owned by more than thirty property owners; when this petition was lodged with the Commissioners of the town it had "only one valid signature" and that property owner owned only 636.99 feet fronting on Presnell

Street; on 17 January 1957 plaintiffs were notified paving assessments had been made against their property; in response to the notice, plaintiffs appeared before the Commissioners and "presented a protest of said illegal assessment on the grounds that the petition was invalid on its face and void from the beginning"; notwithstanding the protests, the assessments were approved and confirmed.

Exhibit A attached to the complaint is a form of petition asking the Commissioners of Asheboro to pave East Presnell Street from North Elm to Vance and assess 100% of the cost of the work against abutting property owners pursuant to c. 56, P.L. 1915 (G.S. 160-78 et seq.) It does not purport to contain any signatures or to show any frontage.

Street improvement proceedings, dependent on the assessment of abutting properties, are initiated by property owners. A majority of the owners, owning a majority of the front footage, must file a petition with city officials requesting the improvement. Upon the filing of such petition it becomes the duty of the City Clerk to investigate the facts and report the result of his investigation to the Commissioners. The determination of the governing body is final and conclusive. G.S. 160-82. A property owner is entitled to a hearing, G.S. 160-88 and to appeal the action of the Commissioners approving the assessment, G.S. 160-89.

Here the complaint does not allege that the assessment was based on the petition bearing the signature of G. P. Pritchard. If it be asserted that is a fair inference to be drawn from the allegation of the complaint, it is equally apparent from the allegations that the petition bore other signatures since the allegation is that Pritchard's was the "only valid" signature. What other signatures appeared and what frontage they owned is not alleged. Whether these other signatures were valid or invalid depends on facts not alleged. The asserted invalidity is a mere conclusion of the pleader.

By statute, G.S. 1-122, the complaint must contain "a plain and concise statement of the facts constituting a cause of action . . ." Where the complaint merely alleges conclusions and not facts, it fails to state a cause of action and is demurrable. G.S. 1-127(6). *Little v. Oil Corp.*, 249 N.C. 773; *Skipper v. Cheatham*, 249 N.C. 706; *Shives v. Sample*, 238 N.C. 724, 79 S.E. 2d 193.

The assessment is presumed valid. *Asheboro v. Miller*, 220 N.C. 298, 17 S.E. 2d 105; *Gallimore v. Thomasville*, 191 N.C. 648, 132 S.E. 657; *Anderson v. Albemarle*, 182 N.C. 434, 109 S.E. 262.

The demurrer was sustained. The action was not dismissed. Plain-

tiffs may now move to amend and state facts rather than conclusions. G.S. 1-131.

Affirmed.