## IRVIN, APPELLANT v. DEVORS.

1. **Pleading**: PETITION ON SPECIAL TAX BILL. Where a city charter provides that, whenever the mayor and city council shall order sidewalks, &c., within the limits of the city, the cost of the same shall be paid by the owners of the property in the vicinity, as may be further provided by ordinance; and that, whenever such work shall have been fully completed under the authority of ordinance, the city engineer shall compute the cost thereof and assess it as a special tax against the adjoining property fronting upon the work done, and each lot of ground shall be charged in proportion to the frontage thereof, &c.; *Held* that in a suit upon a special tax bill for paving a sidewalk in front of defendants lot in said city, a petition, which does not allege that the work out of which the tax bill originated, was done by 'virtue of an ordinance passed by the mayor and city council, and that the city engineer, in computing the cost of the work, only charged defendant's lot in proportion to the frontage thereof, is defective in not containing these allegations,

both of which are material, and that a demurrer to the petition because of the want of either of these allegations was properly sustained.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

*James P. Thomas* for respondent.

1.   If the petition in this case states a cause of action, however imperfectly or defectively, the judgment of the court below must be reversed.   *McClurg v. Phillips,* 49 Mo. 315; *Morgan v. Bouse,* 53 Mo. 219.

2.   The facts alleged in the petition, as alleged, constitute a good cause of action.   *St. Louis to the use of Carrol v. Hardy,* 35 Mo. 261; *City of St. Joseph v. Anthony,* 30 Mo. 537.

The petition distinctly alleges the performance of the work by appellant, and the execution and delivery of a special tax-bill therefor, by the engineer of said city, which is all that is necessary to show a liability on the part of defendant for the value of such work.   *Ess v. Bouton,* 64 Mo. 103; *Seibert v. Allen,* 61 Mo. 482; *Neenan v. Smith,* 60 Mo. 292.

*James H. Ringo* for respondent.

1.   It is not charged in the petition that the mayor and city council ordered the work to be done by ordinance or otherwise.   It is stated that the city council passed some ordinances.   But by the terms of the charter there must be a concurrence of both the mayor and city council.  Sess. Acts 1865, p. 435; *Saxton v. Beach,* 50 Mo. 488; *Saxton v. City of St. Joseph,* 50 Mo. 153.

2.   Nor is it stated in the petition that the cost of the work was charged against defendant's lot in proportion to the frontage thereof, as provided by sec. 5 of the act referred to.   *St. Louis v. Clemens,* 49 Mo. 552; *Neenan v. Smith,* 50 Mo. 525; *Weber v. Schergens,* 59 Mo. 389.

NORTON, J.—This suit is for the recovery of a special tax bill, and to subject to its payment lot five of block fifteen, in Patee's addition to the city of St. Joseph. A demurrer was sustained to the petition by the trial court and judgment rendered thereon in favor of defendant, from which plaintiff has appealed to this court. The only question, therefore, presented for our consideration is the sufficiency of the petition. The petition is too verbose and lengthy for insertion here. It is alleged therein in substance that the tax bill originated for work done by plaintiff under contract with the city engineer, in paving in front of defendant's lot on Locust street, in said city ; said street having been previously macadamized in front of said lot, the said defendant having failed and refused to do the work himself within the time prescribed by ordinance. Under section 4, acts 1865, page 435, it is provided that whenever the mayor and city council shall order the paving, macadamizing, guttering, cross-walks, sidewalks, &c., within the limits of the city, the cost of the same shall be paid by the owners of the property in the vicinity, as shall hereafter be provided, and as may be further provided by ordinance. Sec. 5 provides that whenever any of the above mentioned works shall have been fully completed under the authority of ordinance, the city engineer or officer in charge of the work shall compute the cost thereof, and assess it as a special tax against the adjoining property fronting upon the work done, and each lot of ground shall also be charged in proportion to the frontage thereof, &c.

It would seem, therefore, that work of the description named in the petition of plaintiffs, could only be done by ordinance passed by the mayor and city council, both concurring. This construction was placed upon this charter by this court in the case of *Saxton v. Beach*, 50 Mo. 488, where it is said, " the language is, ' the mayor and councilmen shall have power, &c.' The action of both is required before their action can have any binding or obligatory

force. The council can no more exercise the power by themselves, than the mayor could do the act alone without the co-operation of the council." The petition in question does not allege that the work, out of which the tax-bill originated, was done by virtue of an ordinance passed by the mayor and council. This is an important and material allegation, and constitutes the very basis upon which the right of recovery is built.

The petition is also defective in not alleging that the city engineer in computing the cost of the work only charged defendant's lot in proportion to the frontage thereof on Locust street. The act requires the charge to be made in this way, and it should have been averred in the petition that it was so made. We therefore think the demurrer to the petition was properly sustained. Judgment affirmed, in which the other judges concur.

AFFIRMED.