## CITY OF JOPLIN ex rel., A. J. McKEE, Respondent, v. C. D. FREEMAN, Appellant.

Kansas City Court of Appeals, June 3, 1907.

1. **TAXBILLS: Petition.** A pleading containing certain allegations that the pleader is required to prove to make his case, is sufficient; so a petition on a taxbill which sets out the taxbill in full is sufficient, since it contains all allegations necessary to recovery.

2. ———: **Sidewalk Improvement: Preliminary Resolution: Statutory Construction.** Section 5858 of the Laws of 1901, makes a distinction between macadamizing and paving streets and improving them otherwise and the grading and construction of sidewalks and repairing them. And section 5859 requires no preliminary resolution in the improving of sidewalks.

3. ———: ———: **Acceptance of Bid.** The evidence relating to acceptance of a bid by a council reviewed and held sufficient.

4. ———: ———: **Street Committee's Report: Council's Duty.** The validity of a taxbill issued to a contractor for constructing a sidewalk does not depend upon the report of the street committee and city engineer. He has no concern with their report and the council is bound to authorize the issuing of the taxbills when the work is completed with or without such report.

5. ———: ———: **Abutting Property.** The word "abuts" literally means that the sidewalk and the lot should come together; but where the sidewalk is constructed upon the space reserved for that purpose and the lot abuts upon such space the law is substantially complied with.

6. ———: ———: **Husband and Wife: Witnesses.** A property owner is not a party to the contract for the improvement of a sidewalk and the husband of the owner is not a competent witness to testify as to the method of mixing the cement, since that is not a part of his business as his wife's agent in looking after her property.

7. ———: **Extra Charges: Purging.** The advertisement for bids to construct a sidewalk did not refer to the grading, but the grading was charged in the taxbill. *Held*, it was separable and the court rightly purged the bill of the extra costs.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*Horace Merritt, S. H. Claycomb* and *Mercer Arnold*, for appellant, filed argument.

*Grayston & Graham* and *Thomas Dolan* for respondent.

The taxbills, being prima facie evidence of all that was necessary to make out plaintiff's case, the petition contained all the necessary allegations and was sufficient. Joplin ex rel. v. Hollingshead, 123 Mo. App. 602; Carthage ex rel. v. Bagley, 73 Mo. App. 125; Vieths v. Planet Co., 64 Mo. App. 207.

BROADDUS, P. J.—The petition contains four counts. Each count is founded upon a special taxbill issued to the plaintiff on June 13, 1905, in payment for the construction of sidewalks on the west side of Amander avenue in the city of Joplin and in front of four lots owned by the defendant. The trial resulted in judgment for plaintiff from which defendant appealed.

Among the assignment of errors, it is contended that the petition does not state a cause of action. The petition after stating that the city of Joplin was and is a municipal corporation under the laws of the State and having all the powers and subject to all the duties and responsibilities imposed by law on cities of the third class, proceeds to state that on June 13, 1905, said city by its proper officers duly authorized so to do, issued to plaintiff herein a taxbill as follows, which is followed by inserting a copy of the taxbill. The statement of plaintiff's cause of action is similar in each count of the petition.

It is argued that the petition is fatally defective because it fails to state that the work out of which the tax bill originated was done by virtue of an ordinance. In Irvin v. Devors, 65 Mo. 625, it is held, "that in a suit upon a special taxbill for paving a sidewalk in front of defendant's lot in said city (St. Joseph) a petition which does not allege that the work out of which the taxbill originated, was done by virtue of an ordinance . . . is defective. . . . This is an important and material allegation and constitutes the very basis upon which the right of recovery is built." In Vaughan v. Daniels, 98 Mo. 230, the question arose on the effect of a judgment in a suit on a taxbill for delinquent taxes. The court held that "It is the petition in a tax suit and not the taxbill which must set out the cause of action." In the first case named, it does not appear that the charter of the city of St. Joseph, under which the contract for the work was made, contained any provision that

the special taxbills should in an action thereon be prima facie evidence of the regularity of the proceedings for such special assessments, of the validity of the bills, of the doing of the work, and furnishing the materials, as is contained in the charter governing the city of Joplin. The latter case was a suit to enforce the collection of taxes assessed against real estate. The petition failed to describe the real estate, the taxbill however contained such description. The statute in such cases required that a description of the land should be included in the petition. In a recent opinion of this court we had occasion to review the former decisions on the question, wherein we held that they did not govern cases of this character, and a petition similar to the one at bar was sufficient. [The City of Joplin ex rel. v. Hollingshead, 123 Mo. App. 602.] In addition to what is there said we will add that, as a general rule, a pleading that contains all the allegations that the plaintiff is required to prove in order to make out his case ought to be sufficient. The taxbills set out in the petition contains all the allegations necessary for the plaintiff to recover.

Defendants contend that the taxbills are void because the city council failed to pass a preliminary resolution declaring it necessary to construct the sidewalk in question, or to grade the sidewalk portion of the street. This contention arises on defendant's construction of the Session Acts of 1901, wherein sections 5858, 5859 and 5860 of the Revised Statutes 1899, are repealed and new sections of corresponding numbers enacted in lieu thereof. Under the law before it was repealed no resolution and publication thereof was required, declaring the necessity for the laying of sidewalks and the grading therefor. [R. S. 1899 sec. 5860; City of Joplin ex rel. v. Hollingshead, supra.] Under section 5858 of the Acts of 1901, pp. 63-64, there is no express provision as in the former act that such resolution shall be dispensed with in constructing sidewalks. A care-

ful inspection of the latter section demonstrates that the Legislature had in view the necessity of making a distinction between, macadamizing and paving streets and improving them otherwise, and the grading and construction of sidewalks and repairing them. It concludes: "Provided that the resolution declaring said paving and macadamizing necessary to be done shall also declare that said street, avenue or alley, or part thereof shall be brought to the established grade and the cost thereof shall be included in the special assessment for paying for such paving or macadamizing." There is no other reference to a resolution in any other part of the section. The new section (5859) requires no such a resolution. The language as to that matter is as follows: "When the council shall deem it necessary to pave, macadamize, gutter, curb, grade or otherwise improve the roadway of any street, avenue or alley, or other highway, or any part thereof within the limits of the city for which a special tax is to be levied as herein provided, the council shall by resolution declare such work or improvement necessary to be done, and cause such resolution to be published," etc. It will be observed that sidewalks are not specially mentioned in the clause we have quoted, although in section 5858, supra, sidewalks as a rule are designated separately from subjects like macadamizing and paving. Moreover, there is no particular reference to sidewalks as such in the entire section. They are entirely omitted. Defendant however contends that the language, "Or otherwise improve the roadway of any street," is broad enough to embrace sidewalks. We think not; the words, "roadway of any street," etc., we think, indicated the intention of the legislature to discriminate between that part of the street used as a highway for general travel from that part used exclusively as a sidewalk for pedestrians. [Elliott, Roads and

Streets, sec. 529.] It is held that "The Legislature has always recognized sidewalks as standing on a different plane from other street improvements." [City of Marionville v. Henson, 65 Mo. App. 398.]

It is next contended that the bid of the plaintiff for the work was not legally accepted by the council as a preliminary requisite for the passage of the ordinance for awarding the contract. The record reads: "The bid of A. J. McKee being the lowest and within the estimate, on motion of Mr. Burgess, was accepted." There was a general ordinance of the city concerning sidewalks, which required that "If the council desires to accept any of the bids offered (the same not exceeding the estimate) it may be accepted by a vote of a majority of all the members of the council, the yeas and nays entered on the journal." There were no yeas and nays on the acceptance of the bid entered on the journal." But the council by its ordinance No. 2257, section 3, recites "That the contract for such work be and the same is awarded to A. J. McKee. . . . It seems to us that this was a formal and legal acceptance of the contractor's bid. It is the strongest evidence conceivable for the purpose.

Section 5 of ordinance 49, provides that "On the completion of the work, if in the opinion of the city engineer and the street committee said work has been done according to said specifications and contract they shall so report to the city council." The report in question was signed by "T. C. Molloy," and by "S. J. McKee, city engineer." It is claimed that Molloy did not constitute the committee. The validity of the taxbills issued to the contractor for doing the work did not depend upon such report. Its only purpose was to give information to the council as a body, whether the work was completed as the contract required. After the contractor had completed the work in accordance with the contract, it was no concern of his what report the committee might

make, and the council was bound to authorize the issuing of the taxbills whether any report had or had not been made by those required to do so.

There is a controversy as to the location of the sidewalk with reference to the boundary line of the defendant's lots. The finding of the court upon this question was as follows, "The court finds that there was testimony offered by defendant to show that the city engineer was mistaken as to the true lines of the street, but the court finds that the defendant failed to show that the city engineer's survey was not correct . . . ." The contention of the defendant is that his lots did not abut upon the sidewalk as constructed. The ordinance of the city authorized the council to levy a special assessment upon lots abutting on such sidewalk. Witnesses stated that there was a space of about a foot between defendant's property line and the sidewalk as constructed. If such was the fact, it would not have the effect of invalidating the taxbills. It is true, that the word "abuts," literally means that the lines of the property-owner's lot and the sidewalk should meet or come together. But the ordinance is not to be construed literally. It appears that the walk was constructed upon the sidewalk space which abutted defendant's lots. The city was not required to utilize all such space in laying its sidewalks. The object of the law was to tax the property owner for street improvements upon which his property abutted. We hold, that where it is shown that the sidewalk is constructed upon the space reserved for that purpose and the property-owner's lot abuts upon such space, the law has been substantially complied with. Furthermore, when we take into consideration the fact that the defendant owns to the middle of the street, there can be no dispute but what his property abuts upon the sidewalk in question.

The husband of defendant was introduced as a witness to prove that the cement used in the work was not

properly mixed. He was asked who looked after plaintiff's property. His answer was that he looked after it. "Q. Did you have any special appointment from her as to this contract? A. She told me to look after it for her. Q. She wasn't having the work done? A. No, sir, she wasn't having the work done." The court ruled that the husband was not a competent witness as to the matter referred to. The ruling was correct. It is competent for the wife to constitute her husband her agent and he is also a competent witness to prove such agency. But the matter to which the witness' testimony was directed was not one in reference to such agency. The wife was not a party to the contract. What the husband saw in reference to the mixing of the cement did not pertain to his duties as agent in looking after his wife's property.

It was shown that the taxbills contained charges for work other than sidewalk construction. The advertisement for bids on the work had no reference to any such other work. This extra work was for bringing the sidewalk part of the street to the established grade. It was first mentioned when the engineer's estimates and plans were filed. In its finding the court said "The court further finds that the doing of all the other work outside of the construction of the sidewalk amounted to $.11998 per front foot and is separable from the other work performed." In pursuance of its finding the court purged the taxbills of the cost of such extra work and rendered judgment for balance without interest. In Kansas City v. O'Connor, 82 Mo. App. 655, it was held "Where the ordinance, the bids, the letting and the contract itself, all contemplate and provide for the paving, repairing and sprinkling as one work for an entire sum, the transaction is an entirety and a part being illegal and void the whole is void." In Kansas City v. Askew, 105 Mo. App. 84, it was held "If a published resolution for paving a street does not include a description of the

work of bringing the street to a grade and the cost of such work is included in the taxbills, the taxbills are thereby rendered void." In Johnson v. Duer, 115 Mo. 366, it is held "When the statutory proceedings necessary to authorize a taxbill have not been observed in some particulars, the taxbill will be held invalid only as to what was done outside of the law." [Haag v. Ward, 186 Mo. l. c. 349; Perkinson v. Schnaake, 108 Mo. App. 255.] The decisions support the action of the court in separating the item of grading which was unauthorized, and rendering judgment for the valid portion of the taxbills. The criticism of the court's instructions we have answered by what has already been said. We believe we have answered all the appellant's contentions of importance. The cause was well tried and the judgment being for the right party, it is affirmed. All concur.