ROGERS, J.
 

 Plaintiff, a resident and property owner of the city of "New Iberia, brought this suit to enjoin the municipality from selling his property in order to enforce the collection of a special assessment for street paving. He admitted owing a special -assessment on a designated portion of his property, but the defendant refused to accept payment for anything less than the amount of the special assessment on the entire property. Plaintiff deposited in bank to the credit of the defendant the amount which he admitted to be due on the special assessment and the amount due for city taxes. The court below granted and then perpetuated the injunction, and the defendant appealed.
 

 Under certain ordinances of the municipal
 
 *417
 
 ity, Duperier avenue and Bridge street were paved, and in order to defray the cost thereof, a special assessment was levied against all property abutting upon said streets. 'Duperier avenue is about one mile in length, with its termini at Bayou Teche, which describes a large curve in that particular section of the city. Plaintiff’s property is situated at the corner of Duperier avenue and Marie street. It consists of three adjoining lots of ground having a frontage, originally, of 175 feet on Duperier avenue. Bridge street begins at the bridge across Bayou Teche, and after passing in front of a convent, turns at a right angle towards Duperier avenue. Prior to the completion of the paving work, Bridge street, after leaving the convent, extended for a distance of a block where it entered and terminated at Duperier avenue at a point opposite plaintiff’s lot farthest from the corner of Marie street.
 

 The original project of the municipal authorities called for the pavement of Duperier avenue to its terminus at the bayou. Under this plan the entire frontage of plaintiff’s property would have abutted the paved street, and the special assessment was levied accordingly. Subsequently, however, the plan was changed so as to eliminate the angle formed by the junction of Duperier avenue and Bridge street, and, in lieu thereof, the newly paved street was made to curve at that point. As a result of this realignment of the streets, a large portion of ground, triangular in shape, was left between the paved roadway and the property of the plaintiff. He contends that ■this portion of ground constitutes a park or plaza, which is owned by the city, and to the extent that it abuts the newly paved street, the city, and not he, should pay for the improvement. Defendant urges that the triangle constitutes a neutral ground merely, and that to all intents and purposes plaintiff’s property actually fronts upon the paved roadway.
 

 We are unable to hold that the strip in question constitutes a neutral ground. It is, undoubtedly, the property of the city, which may use or dispose of it in any lawful manner it sees fit. It has had the effect of depriving the greater portion of plaintiff’s property of a frontage on the street, thereby making ingress and egress more difficult. It injures rather than benefits the property of plaintiff.
 

 Thq judge of the district court is familiar with the locality and the conditions. With full knowledge of all the facts and circumstances of the case, he has relieved plaintiff from paying for the pavement in front of the triangular portion of ground belonging to the defendant municipality. From our examination of the record, we are unable to hold that he erred in so doing.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.