EMMONS *v.* CITY OF DETROIT.

1. EMINENT DOMAIN—JUDGMENT—NECESSITY.
    Judgment condemning land for street is conclusive that, at time of condemnation, it was necessary to take same for said purpose.

2. SAME—EXCESS LANDS—CONSTITUTIONAL AMENDMENT.
    Land condemned for street in excess of that necessary for improvement before amendment to Constitution authorizing condemnation of land in excess of that necessary for improvement may be treated same as excess land legally acquired since adoption of said amendment (Const., art. 13, § 5, added 1928).

Appeal from Wayne; Covert (Frank L.), J., presiding. Submitted June 9, 1931. (Docket No. 13, Calendar No. 35,478.) Decided October 5, 1931.

Submitted on rehearing November 15, 1932. Former opinion affirmed January 3, 1933.

Bill by Cora D. Emmons against the City of Detroit, a municipal corporation, to enjoin levy of special assessment for street purposes. Decree for plaintiff. Defendant appeals. Affirmed.

*James F. Lane* and *A. F. Sellers,* for plaintiff.

*Walter Barlow* (*Clarence E. Wilcox,* of counsel), for defendant.

## ON REHEARING.

POTTER, J.   This case was before the court in *Emmons* v. *City of Detroit,* 255 Mich. 558, to which reference is made for a further statement of facts. Application for a rehearing was had and granted, and the case is here on resubmission. In the opinion above referred to it was said:

"It must be assumed that the land not actually used by the street, but acquired by condemnation between plaintiff's land and the traveled portion of the street, was acquired in pursuance of the Constitution and statutes."

Attention had been called to the constitutional amendment of 1928 providing that in the condemnation of lands for boulevard, streets, and alleys, municipalities should not be limited to the acquisition of the land to be covered by the proposed improvement, but might take such other land and property adjacent to the proposed improvement as might be appropriate to secure the greatest degree of public advantage from such improvement. The land in question was condemned in 1924 before the

constitutional amendment referred to. The plat attached to the record shows that on the north side of Coon street, now Plymouth road, lots 61, 105, 125, 155, 185, 199, 238, and 241, which bordered Coon avenue, were taken by the city, though only the southerly portion was used for highway purposes. No fraud is charged. In that respect this case differs from *Panfil* v. *City of Detroit,* 246 Mich. 151. The judgment of the court by which the property was condemned is conclusive that, at the time of condemnation, it was necessary to take the same for highway purposes. It may be the city intended to use all this land for street purposes, as Plymouth road was subsequently improved. The strip of land constituting approximately 15 feet on the north part of lot 105 has not been, and is not now, used for street purposes in fact. This strip of land condemned by the city lies between lot 106, owned by the plaintiff, and Plymouth road.

Since the amendment to the Constitution in 1928 (article 13, § 5), such excess property acquired may be sold by the city. Before the amendment to the Constitution of 1928 the city condemned in fact property in excess of that necessary for the improvement. It paid for and acquired the land. The title to the same is vested in the city. It may be treated the same as lands legally acquired since the constitutional amendment providing for excess condemnation. The case is ruled by *Alexander* v. *City of Detroit,* 259 Mich. 241; *Linski* v. *City of Detroit,* 260 Mich. 385; *Malolepszy* v. *City of Detroit,* 260 Mich. 387; *Kubit* v. *City of Detroit,* 260 Mich. 388.

The decree of the trial court is affirmed.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.