EMMONS v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—STREETS AND HIGHWAYS—ABUTTING PROPERTY.

It is not necessary that improved part of street extend to property rights on either side to render abutting property assessable for street improvement.

2. SAME—EMINENT DOMAIN—CONSTITUTIONAL LAW.

Under constitutional provision allowing municipality to acquire more land than required for proposed public improvement, it must be assumed that land not actually used by street but acquired by condemnation was acquired in pursuance of Constitution and statutes (Const. 1908, art. 13, § 5, Act No. 190, Pub. Acts 1929, 1 Comp. Laws 1929, §§ 3912-3914).

3. SAME—HIGHWAYS AND STREETS—EMINENT DOMAIN—PRIVATE PROPERTY OF MUNICIPALITY.

Surplus land acquired by condemnation pursuant to Constitution (article 13, § 5), but not actually used for street purposes, is private property of municipality which may be sold or leased with or without such restrictions as may, be appropriate to improvement made.

4. SAME—HIGHWAYS AND STREETS—ABUTTING PROPERTY.

Where city acquired by condemnation strip of land not required or used for street purposes, which lay between street and property of adjoining owner, latter is not assessable for street improvement as abutting on street.

Appeal from Wayne; Covert (Frank L.), J., presiding. Submitted June 9, 1931. (Docket No. 13, Calendar No. 35,478.) Decided October 5, 1931. Rehearing pending.

Bill by Cora D. Emmons against the City of Detroit, a municipal corporation, to enjoin levy of special assessment for street purposes. Decree for plaintiff. Defendant appeals. Affirmed.

*James F. Lane* and *A. F. Sellers,* for plaintiff.

*Walter Barlow (Clarence E. Wilcox,* of counsel), for defendant.

POTTER, J.   Plaintiff, owner of lot number 106 in Westlawn subdivision number 3 of sections 28 and 33, township one south, range 11 east, now in the city of Detroit, filed her bill of complaint to enjoin the city from the collection of special assessments against that lot for street opening, widening, and sidewalk purposes.   Defendant appeals from a decree for plaintiff.   Lot number 106 faces Ohio avenue, lot number 105 lay between it and Coon avenue.   These lots were 35 x 100 feet.   The city of Detroit condemned, for the purpose of widening Coon avenue, now known as Plymouth road, the whole of lot number 105, though on the blueprints the street lines are indicated to take but 20 feet off it, leaving a strip 15 feet wide, the length of what was lot number 105 not actually occupied by the street.   No fraud is alleged.   No attack is made upon the regularity of the condemnation, street opening, or special assessment proceedings.

The sole basis of plaintiff's claim is that lot number 106 does not abut Plymouth road and is not subject to special assessment for the improvements made, and that such special assessments are void for want of jurisdiction.   She bases her right to decree upon *Panfil* v. *City of Detroit,* 246 Mich. 149. It is not necessary that the improved part of a street or highway extend to the property rights on either side thereof.   In general, except in the business sections of cities and villages, there is a strip of land on either side of the improved portion of streets and highways and the lot lines of the private property abutting thereon.

In *Edwards & Walsh Construction Co.* v. *Jasper County,* 117 Iowa, 365 (90 N. W. 1006, 94 Am. St. Rep. 301), a courthouse square was laid out at the time the city of Newton was platted, upon which the county seat buildings were erected. The property had been used for courthouse and jail purposes since 1849. After the county commenced to use the square, the fences enclosing the same were set back 12 feet from the street lines as shown by the recorded plat of the city, and for more than 20 years the city used these 12-foot strips as a place for hitching and standing teams. In 1897 the city brought an action against the county enjoining it from asserting title to these strips, claiming they had been dedicated to the public by the county as streets and the city had accepted the dedication. Decree passed for the city. Defendants contested the special assessment upon the ground the county square did not abut the public streets, being separated therefrom by this 12 feet. It is said:

"It is now contended that by reason of the presence of these strips the county was not an abutting property owner. There is no merit in this claim. These strips became parts of the public streets, and were paved as such up to the lines of the block as they existed after these 12-foot strips were taken off. There can be no doubt that these strips became parts of the streets. The city claimed title to them as such, and the decree in the action against the county established the city's claim. Surely the city did not acquire the title either by prescription or otherwise, except for street purposes, and the defendant county's property abuts upon these enlarged streets."

In *Allman* v. *District of Columbia,* 3 App. D. C. 8, the validity of a special improvement tax on real

estate was involved, and it was contended petitioner's property did not abut upon the improvement—a curb, gutter, and sidewalk along the street. It is said:

"The objection that petitioner's property did not abut on the sidewalk, the improvement of which was requested, is not well taken. The 'parking' of some 20 feet in width intervening between the building and the sidewalk is a part of the scheme for street improvement adopted generally in the city of Washington. But whilst the maintenance of this space, free from building, is, in a measure, for the public convenience and benefit, it is not for the general use of the public, cannot be occupied or obstructed for such use, and is really a private easement of the adjoining owner. It can no more be said to prevent the lot from abutting (in the sense of the statute) on the sidewalk, than can the sidewalk be said to prevent it from abutting on the street proper. The soundness of the opinion in *Johnson* v. *The District,* 6 Mackey (D. C.), 21, is not questioned; it has no application to this question."

In *Richards* v. *Cincinnati,* 31 Ohio St. 506, the city acquired a strip of property 92 feet in width for street purposes, and the street was graded to the width of 90 feet, leaving one foot of the strip acquired by the city not included in the surface of the street. It was contended the property owners along the street did not abut thereon by reason of this intervening foot strip. It is said:

"It seems to us that, in order to exempt these proprietors from assessment as abutters on the improvement, it must appear that this intervening foot of land deprives them of full, free, and lawful access to the street improved; but such deprivation could result only when the right and exclusive use thereto have reverted to the original dedicators and

their heirs. If the public right to its use still continues, or if the right to the strip has vested absolutely in the owners of lands abutting upon it, after abandonment by the public, then, in either case, their liability to assessment·is certain. That this foot of land, before the improvement of the avenue, was subject to the use ·of the public, as part of a highway, is not disputed; and we are unable to find any ground upon which it can be held that such right in the public has terminated. The greater part, if not the whole of this foot strip is utilized by the public in making slopes to the embankments and excavations of the street—a use quite as important and germane to public travel and convenience as if located in the center of the street. Our conclusion, therefore, is that whether this strip be or be not, strictly speaking, a part of Eggleston avenue, it presents no hindrance or let to the full, free, and lawful access of these proprietors to the avenue.''

*City of Joplin, ex rel. McKee,* v. *Freeman,* 125 Mo. App. 717 (103 S. W. 130), involved the validity of a special assessment upon lots abutting a sidewalk. It is said:

''The ordinance of the city authorized the council to levy a special assessment upon lots abutting on such sidewalk. Witnesses stated that there was a space of about a foot between defendant's property line and the sidewalk as constructed. If such was the fact, it would not have the effect of invalidating the tax bills. It is true that the word 'abuts,' literally means that the lines of the property owner's lot and the sidewalk should meet or come together. But the ordinance is not to be construed literally. It appears that the walk was constructed upon the sidewalk space which abutted defendant's lots. The city was not required to utilize all such space in laying its sidewalks. The object of the law was to tax

the property owner for street improvements upon which his property abutted. We hold that where it is shown that the sidewalk is constructed upon the space reserved for that purpose and the property owner's lot abuts upon such space, the law has been substantially complied with. Furthermore, when we take into consideration the fact that the defendant owns to the middle of the street, there can be no dispute but what his property abuts upon the sidewalk in question.''

Though in *Panfil* v. *City of Detroit, supra,* the assessment was alleged to be excessive and fraudulent, yet that case does not necessarily determine this. The Constitution was amended in 1928, and appropriate legislation has been passed in pursuance of such amendment. Const. of 1908, art. 13, § 5; Act No. 190, Pub. Acts 1929 (1 Comp. Laws 1929, §§ 3912–3914).

Under the Constitution as amended, the municipality is not limited to the acquisition of the land to be covered by the proposed improvement, but may take such other land and property adjacent to the proposed improvement as may be appropriate to secure the greatest degree of public advantage from such improvement. It must be assumed that the land not actually used by the street, but acquired by condemnation between plaintiff's land and the traveled portion of the street, was acquired in pursuance of the Constitution and statutes. This surplus land may be sold or leased with or without such restrictions as may be appropriate to the improvement made. Const. of 1908, art. 13, § 5; Act No. 190, Pub. Acts 1929 (1 Comp. Laws 1929, §§ 3912–3914).

It seems that both the Constitution and the statutes contemplate that this surplus land, though ac-

quired under the color of use for street purposes that is not actually used for such purposes, is to be treated as private property of the city, because it may be leased or sold with or without restrictions by the municipality. It is in the nature of private property acquired by the city abutting the street rather than a part of the street, and we think a proper construction of the constitutional and statutory provisions above cited distinguish this case from the cases commented upon.

The decree of the trial court is affirmed, with costs.

Butzel, C. J., and Wiest, Clark, McDonald, Sharpe, North, and Fead, JJ., concurred.