VETAL *v.* CITY OF DETROIT.

Municipal Corporations—Special Assessments—Lot Partially
Separated from Street by City-Owned Lands.
Recovery by lot owner of special assessment for entire cost of
street improvement and paving made against city lot in city
of Detroit upon the basis that it abutted street improved was
proper when in fact only a small part of lot faced said street
and it was separated for the most part by city-owned lands.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 11, 1934. (Docket No. 130, Calendar No. 37,499.) Decided March 6, 1934.

Assumpsit by Emil G. Vetal and wife against City of Detroit, a municipal corporation, and Charles L. Williams, city treasurer, for recovery of special assessment made for street improvement purposes. Summary judgment for plaintiffs. Defendants appeal. Affirmed.

*Harry E. Warning* (*John H. Yoe,* of counsel), for plaintiffs.

*Walter Barlow* (*Raymond J. Kelly,* of counsel), for defendants.

Potter, J.  Plaintiffs sued defendants to recover money alleged to have been unlawfully deducted by defendants from an award of damages in condemnation proceedings. They recovered judgment in the trial court and defendants appeal. The controversy here arises out of the improvement and paving

of 14th avenue near Leslie avenue. In 1925, the defendant city commenced condemnation proceedings to acquire a part of lot 145 and a small piece of land on the northeasterly corner of lot 146 in Robert Oakman Alta Vista subdivision. The city acquired this property and an award of $1,700 was made therefor. July 15, 1929, the city instituted proceedings to condemn lot 146 which resulted in a verdict September 19, 1929, of $7,924.11, which verdict was confirmed September 27, 1929. When the city settled with plaintiffs for this award it deducted therefrom the sum of $1,039.64 taxes which had been assessed against lot 146 for the entire cost of widening and paving 14th avenue from Leslie avenue to the alley south thereof, notwithstanding 102.91 feet of lot 145 was then owned by the city of Detroit and abutted on the easterly side of 14th avenue, and only 21.35 feet of lot 146 fronted on 14th avenue and was subject to assessment for the cost of the improvement of 14th avenue which had been made after the condemnation proceedings instituted in 1925 and before the condemnation proceedings were instituted in 1929. The greater part therefore of lot 146 did not abut on 14th avenue at the time such improvement was made and consequently was not liable for assessment for the improvements thereof made. The assessment made against lot 146 was made upon the basis that it fronted 14th avenue when in fact only a small part of lot 146 faced 14th avenue and lot 146 was for the most part separated from 14th avenue by lands owned by the city of Detroit. In *Panfil* v. *City of Detroit,* 246 Mich. 149; *Alexander* v. *City of Detroit,* 259 Mich. 241; *Linski* v. *City of Detroit,* 260 Mich. 385; *Malolepszy* v. *City of Detroit,* 260 Mich. 387; *Kubit* v. *City of Detroit,* 260 Mich. 388; and *Emmons* v. *City of Detroit,* 255

Mich. 558, and 261 Mich. 455, substantially similar questions were involved.

The holding of the trial court was in accordance with the rule established by those cases. Judgment affirmed, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.