## WEST TEXAS CONST. CO. v. MUNDY et al.

### No. 2999.

Court of Civil Appeals of Texas. El Paso.
Oct. 4, 1934.

Fulton C. Vowell and Fred C. Knollenberg, both of El Paso, for appellant.

McBroom & Clayton, Leo Jaffe, Gowan Jones, and O. R. Armstrong, all of El Paso, for appellees.

WALTHALL, Justice.

We adopt the statement of the nature and result of the suit as found in appellant's brief as being substantially correct and sufficient for the purpose of this appeal. The statement is as follows:

This is a suit filed by Elizabeth Cecilia Mundy, plaintiff, against Rafael Calderon and West Texas Construction Company, alleging that she was the owner of certain notes signed and executed on the 2d day of April, 1929, by Rafael Calderon, upon lots 7 and 8, block 75, Alexander addition. That said Calderon was unable to pay, and upon the 27th day of July, 1932, she accepted a deed from the defendant Calderon in consideration of the cancellation of the indebtedness. She then alleges that the said Calderon represented that he had placed no incumbrances upon the property, but that said representation was false or due to mutual mistake, in that defendant Calderon had executed a mechanic's lien upon lots 1 to 9, inclusive, and the south one foot of lot 10, in block 75, in favor of West Texas Construction Company for paving, on the 9th day of February, 1931. Plaintiff prays that her deed be set aside and her lien re-established as the first and prior lien, and asks for judgment of foreclosure.

The defendant West Texas Construction Company answered, and after denying plaintiff's allegation, pleaded not only the mechanic's lien above referred to, but also its paving assessment lien. The answer further set out that the assessment lien was against lots 7, 8, 9, and the south one foot of lot 10 in block 75, and that Mattie E. Jones, State National Bank, independent executor of the estate of Edmund O. Hall, deceased, Leo R. Schuster, and Lee H. Orndorff, claimed some interest in lot 9 and the south one foot of lot 10. These last-named defendants answered, stating the assessment was void and that they were entitled to judgment of foreclosure on lot 9 and south one foot of 10, by virtue of their vendor's lien.

Upon trial of the cause before the court, and upon the conclusions of fact and of law, the court rendered judgment and for all of the parties against defendant Calderon, as prayed for; foreclosed plaintiff's lien upon lots 7 and 8 as the first lien, and the mechanic's lien as the second lien; foreclosed the lien of Mattie E. Jones upon lot 9 and the south one foot of lot 10 as the first lien, and the lien of State National Bank as independent executor of the estate of Edmund O. Hall as the second lien, and the mechanic's lien of West Texas Construction Company as the third lien; foreclosed the mechanic's lien of West Texas Construction Company on lots 1 to 6 as the first lien. Said judgment declared the assessment lien void. Defendant West Texas Construction Company appealed.

By proper assignment and proposition thereunder appellant submits that the court was in error in holding that its paving assessment lien evidenced by its paving certificate issued by the city of El Paso was void and of no force or effect and that the property involved in this suit was free of the paving assessment lien claimed by appellant.

Appellant claims a paving assessment lien on the property involved here and superior to the liens of appellees by reason of a paving assessment on said property made by the city of El Paso under article 1105b, R. C. S., as added by Acts 1927 (1st Called Sess.) c. 106 (Vernon's Ann. Civ. St. art. 1105b), for the costs of paving Schutz street in city of El Paso. The paving assessment lien on said lots is evidenced by the paving certificate issued by the city of El Paso, and held by appellant.

The trial court's findings of fact show that lots 7, 8, and 9, in block 75, of Alexander's addition, in which the property is situated, front on Kansas street and do not front on Schutz street, nor do said lots abut on Schutz street for the reason that one foot of lot 10 of said block intervenes between said lots 7, 8, and 9, and Schutz street.

The court also found that Calderon, in the purchase of the several parcels of land involved, purchased the same "with the hope, expectation and intention at a future date of constructing a building thereon, or on a part thereof, and to occupy the same, and all of the lots and parcels thereof in controversy herein, as a home for himself and family, but this expectation and intention was never carried into effect by him or any one else," and "that the property at all times was vacant property and never occupied or used by any person."

Appellant's proposition is based upon the statement in the proposition and upon the assumption that all of the lots, including the one foot of lot 10, were used by Calderon as one parcel or tract of land. As shown by the court's findings of fact, the property at all times was "vacant property" and "was never

occupied or used" by any person. Such occupation and use rested only in expectation and intention.

We construe article 1105b to provide for costs for improvements of streets by a paving assessment applied only to property abutting upon the street ordered to be improved, and that a paving assessment, though for improvement of a street, made on nonabutting lots, is unauthorized and therefore void. Here, as found by the trial court, the lots involved in this controversy were not abutting lots on Schutz street, the street then being improved, nor were the lots, as found by the trial court, ever occupied or used by Calderon as one parcel or tract of land; but, on the contrary, the lots at all times were vacant and unoccupied and not used.

Our conclusion of the law as above stated, as applied to the facts found by the trial court, is sustained, we think, by the following authorities: Article 1105b, of the Rev. Civ. Statutes, as added by Acts 1927 (1st Called Sess.) c. 106 (Vernon's Ann. Civ. St. art. 1105b); Charter of the City of El Paso; El Paso Bitulithic Company v. Neill (Tex. Civ. App.) 266 S. W. 593.

We do not understand appellant as controverting the proposition, but it seems to rely upon the contention that the lots were all consolidated, and occupied and used as one tract or parcel of ground. Such, however, seems not to be a fact, as found by the court.

Other questions are presented; but, if under the facts as found by the trial court appellant has no enforcement lien against the property involved, it would be of no use to discuss them.

The case is affirmed.