MUNICIPAL INVESTMENT CORPORATION, Appellant,

v.

Smiley TRIPLETT et al., Appellees.

No. 7277.

Court of Civil Appeals of Texas. Amarillo.

June 17, 1963.

Rehearing Denied Sept. 3, 1963.

Bass & Hobbs, Lubbock, for appellant.

Simpson, Adkins, Fullingim & Hankins, Amarillo, for appellees.

DENTON, Chief Justice.

This suit was brought by Municipal Investment Corporation against Smiley Triplett and Jay Triplett d/b/a Triplett Cattle Company, a partnership. The suit is for the amount of principal, interest and attorney's fees alleged to be due upon a certain paving certificate issued by the City of Bovina, and for the foreclosure of an alleged statutory lien against certain described property belonging to the Tripletts. Trial was to the court without a jury, and the court entered judgment denying the relief sought by the plaintiff below.

The sole question to be determined is whether or not the Triplett property is abutting property with respect to the paving improvements under the terms of Article 1105b, Section 6, Vernon's Ann.Tex.St. This statute gives cities authority to assess certain paving costs only against abutting property and the owners of such property. No question has been raised relative to the validity of the proceeding under which the City of Bovina issued the paving assessment certificate involved here, nor is it disputed the Tripletts owned the land in question.

The Triplett land abuts East Street along the property's west boundary line and abuts "Old State Highway 33" on the property's north boundary line. In other words, the south line of the old highway constitutes the north property line of the Triplett property. The old highway was completed in 1924 and was maintained by the State until 1939 after which it was maintained by Parmer County until "North Street" was completed in 1958. "North Street" is the paving improvement for which the assessment is being sought in this case and is a part of the U. S. Highway 60 Loop running through the City of Bovina. This new highway right-of-way extends over into the north edge of the right-of-way of the old highway by a few feet. A strip of land which varies in width from approximately 30 feet to 80 feet and 420 feet long separates the Triplett property from the new highway which is designated in this area as "North Street". This strip of land is a portion of the original right-of-way of "Old State Highway 33". The new highway, in effect, was rerouted so that it now lies north of the former highway, and the strip of land above described lies between the new highway and the Triplett property. Concrete curb and gutter have been laid along the south line of the new highway except for a "lay-down curb" in two places which was described as a "break in the curb" in the vicinity of the Triplett property. These "lay-down curbs" can be used to drive vehicles over to proceed to the Triplett property from the new highway. Except for the above-described concrete curb and gutter there are no other barriers dividing the Triplett property and the paving improvements.

The term "abutting property" is generally held to mean property between which and the improvement for which the assessment is made there is no intervening land, and hence if a parcel of land is separated from

the improved street by other land, it is not abutting property. West Texas Construction Co. v. Mundy, (Tex.Civ.App.), 75 S.W.2d 121. In a case similar to the case at bar, the Court of Appeal of Louisiana in City of Shreveport v. Selber, 21 So. 2d 738, held the word "abut" within the act authorizing municipalities to assess paving costs on property abutting streets means that there intervenes no other land that may be put to private use. See also 63 C.J.S. Municipal Corporations § 1439, page 1088.

As we understand it, appellant's contention is that the Triplett property is abutting property in that it is separated from the paving improvement only by a public way. We have been cited no authority in support of this contention. The ownership of the strip of land involved here was not established. The Tripletts do not own it and make no claim to it. Since it was used as a road way from 1924 until 1958, there is an inference it is public land. However, the evidence is uncontradicted that it has not been maintained since 1958. The evidence is also uncontradicted that this strip of land has not been used as a road way since that time. It is vacant land used for ingress and egress to the Triplett property. If it is used for any other purposes, this record does not reveal it. An officer of the appellant corporation did testify that a truck and trailor were partially parked on this strip on the day of the trial, but this testimony was disputed; and even if true, it would not be material in light of the other evidence in the case. The evidence is clear the strip of land is not being used as a public way even though it is apparently owned by either the state, Parmer County or the City of Bovina. No contention is made the strip is owned by the Tripletts or any other private individual or corporation. The Triplett land abuts the vacant strip and the vacant strip abuts the paving improvement. This leads to the inevitable conclusion the Triplett land does not abut the paving improvement. We are therefore of the opinion the Triplett property does not constitute abutting property within the meaning of Article 1105b, Section 6, V.A. T.S. The paving assessment against the Triplett property was unauthorized and is therefore void. Davidson v. Salt Lake City, 81 Utah 203, 17 P.2d 234; City of Winston Salem v. Smith, 216 N.C. 1, 3 S.E.2d 328; Jacob v. Mayor and Board of Trustees of City of New Iberia, 163 La. 416, 112 So. 30.

After reviewing this entire record we are of the opinion it reflects no reversible error. The judgment of the trial court is affirmed.

Affirmed.