**CITY OF WICHITA FALLS,**
Texas, Appellant,

v.

**Maggie THOMAS, Appellee.**

No. 17570.

Court of Civil Appeals of Texas,
Fort Worth.

April 25, 1975.

Rehearing Denied May 30, 1975.

H. P. Hodge, Jr., City Atty., Wichita Falls, for appellant.

Fillmore, Lambert, Farabee & Purtle and Larry Lambert, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

The City of Wichita Falls, by ordinance, assessed a paving lien against plaintiff's property for street improvements on the theory that such property was abutting property to Collard Street which the City sought to improve. Maggie Thomas, through her guardian, appealed this assessment to the District Court.

The plaintiff asserts that the street sought to be improved does not abut upon her property and therefore the paving assessment is void.

The case was tried before the court resulting in a judgment that declared the paving assessment void as being an attempted assessment against non-abutting property.

The City asserts that a triangular strip of land between the improved street and plaintiff's property is owned by the City, is a part of the street right-of-way, and is therefore abutting property.

We affirm.

The following plat will be of assistance in understanding the situation and contentions of the parties:

COLLARD AVENUE

52'   VACANT   25'   STRIP   165'   30'   50'

Improved Portion: 30'

Unimproved Portion: 10' Each Side

THOMAS TRACT

NORTH

Maggie Thomas is the owner of a tract out of Block 5 of the J. A Scott Survey in Wichita Falls. In 1938 the City purchased certain tracts out of this survey to con-

struct a street. This included property out of Block 6, east of the Thomas tract. A dirt and gravel street (known as Collard Street) was then built which at its closest point was more than 40 feet from the Thomas property. The land between Collard Street and the Thomas property remained vacant and unused.

In 1973 the City proposed to improve Collard Street with a hard surface, curb, and gutter. The assessments here involved grew out of that program.

The improvement was designed to follow generally the existing Collard Street. The right-of-way was 50 feet wide and the width of the improvement from curb to curb was 30 feet. In the northwest corner of Block 6, in the vicinity of the Thomas tract, there is a triangular tract of land about 220 feet long. The Thomas tract abuts on 165 feet of this triangular vacant strip. This strip forms a buffer between the Thomas property and Collard Street. The part of this intervening strip adjacent to the Thomas tract is 52 feet wide at the north end and 25 feet on the south end and the distance from the north to the south end of the side adjacent to the Thomas tract is 165 feet.

There is no testimony that such vacant strip between the Thomas tract and the 50 feet right-of-way of Collard Street has ever been used for street purposes.

The Director of Public Works for the City was the only witness. He testified in effect that said triangular tract would not be used in connection with the Collard Street improvements, it was nothing more than an adjacent right-of-way, it would be highly speculative as to what improvements might be done at a future date, and it would be held for future improvements, if same ever became necessary. At least this was the present plan.

The City's attempted assessment was brought under the authority of Article 1105b, Section 6, Vernon's Ann.Civ.St., which provides in part as follows:

" . . . the governing body of any city shall have power by ordinance *to assess* all the cost of constructing, reconstructing, repairing, and realigning, curbs, gutters, and sidewalks, and not exceeding nine-tenths of the estimated cost of such improvements, exclusive of curbs, gutters, and sidewalks, *against property abutting upon the highway or portion thereof ordered to be improved, and against the owners of such property, . . . .*" (Emphasis ours.) It is significant that the statute uses the term "improved."

The trial court found that under these facts the Thomas property was not "abutting property" to the Collard Street improvement.

In the case of State v. Fuller, 407 S.W. 2d 215 (Tex.Sup., 1966) the term "abutting owner" was defined as follows:

"The term 'abutting owner,' when used in relation to highways, ordinarily refers to one whose land actually adjoins the way, although it is sometimes used loosely without implying more than a close proximity. See Black's Law Dictionary, 3rd ed. 1944; 25 Am.Jur. Highways § 153."

The cases analyzed below have addressed themselves to the issue of what constitutes "abutting property."

In the case of Municipal Investment Corporation v. Triplett, 371 S.W.2d 124 (Amarillo, Tex.Civ.App., 1963, ref., n. r. e.) an old state highway adjoined the Triplett land. A new highway was constructed using a part of the old highway right-of-way. This left a strip of land varying in width from 30 feet to 80 feet and which was 420 feet long, constituting a part of the old highway, separating the Triplett property from the new highway. There were "lay-down curbs" permitting automobiles to be driven from the Triplett property to the new highway. There was an inference that this strip was public land but had not been maintained since 1958 and was not being used as a roadway. The evidence was clear that the strip of land was

not used as a public way even though it was owned by the state, county or city.

That court speaking through Chief Justice Denton held that, "The Triplett land abuts the vacant strip and the vacant strip abuts the paving improvement. This leads to the inevitable conclusion the Triplett land does not abut the paving improvement. We are therefore of the opinion the Triplett property does not constitute abutting property within the meaning of Article 1105b, Section 6, V.A.T.S." Therefore, the assessment was void.

In the case of State v. Fuller, supra, that court passed upon the question of what constituted abutting property. That court stated as follows: *"Here the State has acquired, perhaps unwittingly, a strip of land which, according to the Fullers, it can use only for highway purposes. That did not, however, make the property part of the highway.* If the additional land were not needed for highway purposes, it could be sold by the State as authorized by Article 6673a, Vernon's Ann.Tex.Civ.Stat. *The responsible officials evidently expect to widen the highway to include the strip in controversy as well as the adjoining 50 feet owned by the Fullers, but a public way has not yet been established on the State's half of the former railroad right-of-way.* At the present time, therefore, the Fullers do not own land abutting on the highway and have no right of access thereto across the tract awarded to the State in this action." (Emphasis ours.)

In the case of In Re Resolutions Passed by City Council of Durham, 243 N.C. 494, 91 S.E.2d 171 (1956) the City had condemned an entire lot and a street had been constructed on a portion thereof. There was no evidence that the assessed lot abutted the improvement. In that case the City, through condemnation proceedings, had acquired fee simple title to an entire lot adjacent to the assessed lot but had used only a portion thereof for street purposes. This Court held, " ' * * * Nor do we think that the acquisition of the whole lot for street purposes and the construction of a street and a sidewalk on a part thereof amounts to a dedication of the whole lot by the city for street purposes.  .  .  .  ,

" .  .  . We do not think the twenty feet abuts directly on the property .  .  .  . Neither do we think the fact that the City of Durham obtained the triangular lot for street purposes by condemnation rather than by deed distinguishes this case from the case of Winston-Salem v. Smith, supra (216 N.C. 1, 3 S.E.2d 328, 1939)."

That court therefore held that the assessment was null and void.

In the case of Davidson v. Salt Lake City, 81 Utah 203, 17 P.2d 234 (1932) a fact situation existed which was very similar to the case here under consideration. Plaintiff's property line was 5' back from the line of the improvement. The City received a conveyance from the owner of this 5' intervening strip "for street purposes." That court held that the plaintiff did not become an abutting owner as a result of this conveyance because the acquisition by the City *did not serve to straighten the line of the street.* The court further found that the recital in this conveyance to the City that the same was made for street purposes is not undisputed proof of the fact recited, it is a question for judicial consideration and determination. The court further stated: " 'What we do hold is that the municipality cannot take land not needed for street purposes and by this method arbitrarily subject certain properties to special assessments which otherwise could not be levied against them. Such an abuse of power is a fraud in law, and equity will afford relief to the injured party.' "

We hold that the evidence was sufficient to support the trial court's finding that the Thomas property was not "abutting property" in relation to the street improvement.

The following cases are additional authority for our holding: Emmons v. City

of Detroit, 255 Mich. 558 238 N.W. 188 (1931, on rehearing see 261 Mich. 455, 246 N.W. 179, 1933); West Texas Const. Co. v. Mundy, 75 S.W.2d 121 (El Paso, Tex. Civ.App., 1934, no writ hist.); City of Winston-Salem v. Smith, 216 N.C. 1, 3 S. E.2d 328 (1939); and Jacob v. Mayor and Board of Trustees of City of New Iberia, 163 La. 416, 112 So. 30 (1927).

This case was tried to the court without a jury. No findings of fact or conclusions of law were filed by the court and none were requested.

The law applicable in this situation is stated as follows:

"Further, in a nonjury trial, every disputed issue of fact will, consistently with the record, be presumed to have been resolved by the trial court in support of the judgment rendered." 4 Tex.Jur.2d (Rev. Part 2, 1974) Appeal and Error—Civil Cases, Sec. 735, "Omitted or incomplete findings," page 142.

We conclude that the judgment of the trial court is supported by the pleadings and evidence.

The judgment is affirmed.