LINSKI *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—LOT SEPARATED FROM STREET BY STRIP OF LAND NOT ASSESSABLE.

> Where city of Detroit condemned land in excess of that needed or used for street as planned and established, leaving strip of land owned by city between street and adjoining lot, latter is not subject to assessments for paving or sidewalk purposes under city charter, since it does not abut street.

Appeal from Wayne; Collingwood (Charles B.), J., presiding.  Submitted June 21, 1932.  (Docket No. 88, Calendar No. 36,502.)  Decided October 3, 1932.

As to validity of assessment for public improvements which exceeds benefits, see annotation in 14 L. R. A. 755; 58 L. R. A. 363; 28 L. R. A. (N. S.) 1172, 1173.

Bill by Stephen Linski against City of Detroit, a municipal corporation, to set aside special assessments for street improvement purposes. Decree for plaintiff. Defendant appeals. Affirmed.

*Frank C. Cook* and *John P. O'Hara* (*John Conway Cook,* of counsel), for plaintiff.

*Walter Barlow* and *Arthur F. Lederle* (*Clarence E. Wilcox,* of counsel), for defendant.

WIEST, J. In opening an avenue, through a subdivision in the city of Detroit, all of lot No. 161 was taken, under the power of eminent domain, and a strip thereof alongside of lot No. 160 was in excess of land needed or used for the street as planned and established. Plaintiff owns lot No. 160, and filed the bill herein to set aside assessments upon his lot for paving the street and constructing a sidewalk.

If plaintiff's lot abuts the street the assessments are valid; otherwise not. The city condemned excess land and now owns such excess strip alongside of and between plaintiff's lot and the street as opened and improved. Plaintiff's lot does not, in fact nor in a legal sense, abut the street. The city may sell the excess strip, rent it, or use it as property not a part of the public street, and plaintiff has no right of access across it from his lot to the street as established and improved.

Pavement and sidewalk assessments are limited in the city of Detroit to property abutting the street.

The city, in the first instance, assessed the mentioned strip as its property, but later canceled the assessments and laid the assessments beyond the strip and upon plaintiff's lot.

The issues all fall within our decision in *Panfil* v. *City of Detroit*, 246 Mich. 149, where we considered the same street opening and a like situation.

The decree, voiding the assessments, is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.