### EVENSEN *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS—LOT SEPARATED FROM STREET BY STRIP OF LAND NOT SUBJECT TO SPECIAL ASSESSMENTS.

> Where city condemned more land than it used for street purposes, leaving between sidewalk and adjoining lot strip of land seven or eight feet wide, which city may sell, or use for further street widening, or any other purpose it sees fit, said lot is not subject to assessments for paving street or laying sidewalks, since it does not abut street.

Appeal from Wayne; Robertson (William), J., presiding. Submitted June 13, 1933. (Docket No. 106, Calendar No. 37,174.) Decided August 29, 1933.

Bill by Nils Evensen and another against City of Detroit, a municipal corporation, to enjoin collection of special assessments for street purposes. Decree for plaintiffs. Defendant appeals. Affirmed.

*George K. Williams,* for plaintiffs.

*Walter Barlow* (*Clarence E. Wilcox* and *Raymond J. Kelly,* of counsel), for defendant.

BUTZEL, J.  Nils Evensen and wife, plaintiffs, are the owners of lot 40 of Oscar LeSure's subdivision of sections 19 and 30, Greenfield Township, town 1 south, range 11 east, in the city of Detroit, Michigan. The property has a frontage of 100 feet on Stansbury avenue, and a depth of 330 feet. Through condemnation proceedings to open and widen Schoolcraft avenue, the city acquired the southerly 68.79 feet of lot 39, which is immediately north of and abuts the plaintiffs' lot. The city, however, laid out School-

craft avenue as a 40-foot street, paved the street, and built a six-foot sidewalk three feet from the curb. It left a strip of land from seven to eight feet in width between the sidewalk and plaintiffs' property. Plaintiffs secured a decree enjoining the levying of assessments against their property for the street widening, paving, and laying of sidewalk.

The city, in its appeal, claims that strip of property intervening between the sidewalk and plaintiffs' property was legitimately acquired solely for the purpose of making the street wider than 40 feet at some indefinite time in the future, when it expects to use the abutting strip in a "master plan," so as to eventually make Schoolcraft avenue a super-highway, not 68.79 feet but 120 feet in width, and thus conform with the width of the avenue some considerable distance from plaintiffs' property.

In the meantime, however, the city is the sole owner of the strip, may·sell it or use it for further street widening or any other purpose it sees fit. If, and when the street again is widened, and the city should use the intervening strip for street widening purposes, the question of an assessment against plaintiffs' property may then arise. For the present, the laying and paving of a street 40 feet in width, the building of a curb and a six-foot sidewalk, indicates that the street is only 40 feet in width, and the intervening strip belongs to the city. The street abuts the city's property.

The case is ruled by *Linski* v. *City of Detroit,* 260 Mich. 385; *Malolepszy* v. *City of Detroit,* 260 Mich. 387; *Kubit* v. *City of Detroit,* 260 Mich. 388.

The decree of the lower court is affirmed, with costs to plaintiffs.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.