MARQUA v. CITY OF DETROIT.

MUNICIPAL CORPORATIONS—STREET IMPROVEMENTS—ASSESSMENT.
Two-foot strip of land between sidewalk and lot line left to enable installation of sidewalk without trespassing upon abutting property, in fact a part of the street, and formerly part of an alley abutting lot and improved with other land into a better public way, *held*, not to separate street from lot so as to relieve latter from assessment for opening, grading, paving and sidewalk.

Appeal from Wayne; Webster (Clyde I.), J. Submitted June 5, 1934. (Docket No. 15, Calendar No. 37,804.) Decided September 18, 1934.

Bill by Walter Marqua and wife against City of Detroit, a municipal corporation, and another to set

aside special assessments for street purposes. Bill dismissed. Plaintiffs appeal. Affirmed.

*Jorgenson & Alexander,* for plaintiffs.

*Raymond J. Kelly,* Corporation Counsel, and *John H. Witherspoon,* Assistant Corporation Counsel, for defendant.

WIEST, J.   Plaintiffs owned premises in the city of Detroit, abutting a 20-foot alley, which alley was dedicated, by recorded plat, to public use.   In 1921 the city opened a street, taking the public alley as part thereof, and obtained additional land by condemnation, then paved the center of the street to a width of 30 feet, left a grass plot between the curb and sidewalk and installed a sidewalk opposite plaintiffs' premises and alley, less than two feet from their lot line, and assessed plaintiffs for the opening, grading, paving and sidewalk.

Plaintiffs filed the bill herein in November, 1930, to have the assessments declared void, money paid refunded and future instalments enjoined on the ground that the part of the alley abutting their premises, and lying between their premises and the sidewalk, was not taken for street purposes, either by condemnation or actual user and, therefore, under the city charter and our holding in *Alexander* v. *City of Detroit,* 259 Mich. 241, there is still a part of the alley between their premises and the street and they are not abutting owners upon the street and cannot be assessed.   The bill was dismissed and plaintiffs prosecute this appeal.

It seems to be the uniform practice in the city of Detroit to install sidewalks a short distance from lot lines and such was done in this instance.   The strip between the edge of the sidewalk and the lot

line was left to enable installation of the sidewalk without trespassing upon abutting property and was, in fact, a part of the street. Here was no taking of excess land, leaving plaintiffs' property abutting the excess and, therefore, not abutting the street like in the *Alexander Case* but use of the whole alley upon which plaintiffs' premises abutted. It was not necessary for the city to exercise the right of eminent domain in making use of the alley for it did not seek to discontinue the use of the land for the purpose for which it was dedicated to the city but improved it, with other land, into a better public way.

The city of Detroit, it seems, may exercise the right of condemnation in excess of need and when it does so and takes more property than it intends to use for street purposes and, therefore, holds title to such excess property between the street, as established, and property adjoining such excess, it cannot assess such adjoining property for the improvement under the provisions of the charter. For such cases see *Panfil* v. *City of Detroit*, 246 Mich. 149; *Emmons* v. *City of Detroit*, 255 Mich. 558; *Linski* v. *City of Detroit*, 260 Mich. 385; *Malolepszy* v. *City of Detroit*, 260 Mich. 387; *Kubit* v. *City of Detroit*, 260 Mich. 388; *Kamnkolski* v. *City of Detroit*, 260 Mich. 389; *Alexander* v. *City of Detroit, supra.* The rule established by these cases does not apply to the case at bar. The whole alley was absorbed by the better public way and no part thereof left to separate plaintiffs' premises from the street, so established, and the sidewalk installed.

The decree is affirmed, with costs to defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.